418 F.2d 874
 J. Alston ATKINS, Pro Se, Appellant,
v.
STATE BOARD OF EDUCATION OF NORTH CAROLINA (W. Dallas
Herring, Chairman, Charles F. Carroll, Secretary); Charles
F. Carroll, State Superintendent of Public Instruction and
Administrative Head of the North Carolina Free Public School
System, and his Successor in Office; Winston-Salem/Forsyth
County Board of Education(William M. Knott, Jr., Chairman,
Marvin Ward, Secretary); Board of County Commissioners of
Forsyth County, North Carolina (Fred D. Hauser, Chairman, G.
R. House, Jr., County Manager); City of Winston-Salem, North
Carolina (M. C. Benton, Jr., Mayor, John M. Gold, City
Manager), Appellees.
 No. 13320.
 United States Court of Appeals Fourth Circuit.
 Argued Oct. 8, 1969.
Decided Nov. 25, 1969.
 
 J. Alston Atkins, pro se.
 W. F. Womble, Winston-Salem, N.C. (John L. W. Garrou, and Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., on brief), for appellees.
 Norman B. Smith, Greensboro, N.C., on brief for Harvey H. Allen and Simona A. Allen, appellants amicus curiae.
 Before WINTER, CRAVEN, and BUTZNER, Circuit Judges.
 PER CURIAM:
 
 
 1
 J. Alston Atkins brought this action to require the State of North Carolina and the Winston-Salem/Forsyth County Board of Education to provide a racially integrated unitary school system.[1] Atkins claimed status to maintain his action because he is a taxpayer, the grandparent of children attending the public schools, and a Negro.
 
 
 2
 In Flast v. Cohen, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968), the Court reiterated:
 
 
 3
 'The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.' Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).'
 
 
 4
 Applying this measure, the district court painstakingly analyzed Atkins' voluminous and complex bill of complaint and decided that the allegations of Atkins' interest or stake in the suit were insufficient to establish his standing. Atkins moved for leave to amend his bill of complaint, but his motion was denied. On appeal he asks that the case be remanded so that he can allege and prove the facts necessary to establish his right to maintain the suit. However, developments that have occurred since the district court's consideration of the case make this procedure unnecessary.
 
 
 5
 Atkins' daughter, Simona A. Allen, and his son-in-law, Harvey H. Allen, the parents of pupils attending schools operated by the Winston-Salem/Forsyth County Board of Education, have appeared by counsel to state that upon remand they will apply for intervention as parties plaintiff. Clearly the Allens have standing, and we have no doubt that had they made application to the district court, their motion would have been granted.
 
 
 6
 Ordinarily intervention cannot be used to revive a law suit, but a court may treat intervention as a separate action, especially when the intervenor has an independent basis for jurisdiction. Fuller v. Volk, 351 F.2d 323, 328 (3d Cir. 1965). Intervention, of course, must be timely, but timeliness is not an absolute. It should be evaluated in light of all the circumstances. C. Wright, Federal Courts 75, at 285 (1963). The delay in seeking intervention was attributed at oral argument to lack of funds for the employment of counsel.[2] This court has long recognized the intense interest of parents in the education of their children, and it has been solicitous of their opportunity to be heard. Intervention in suits concerning public schools has been freely allowed, and we see no reason why it should be denied here, especially in view of the lack of prejudice to other parties. Furthermore, it appears that since this action was instituted, the parents of a number of other school children have brought suit in the same court seeking much of the same relief.
 
 
 7
 On remand the Allens may be substituted for Atkins as parties plaintiff with respect to all allegations cognizable by a single judge, and the district court in its discretion may consolidate this suit with the action brought by other parents. The proceedings, however, shall not include convention of a three-judge court.[3]
 
 
 8
 The judgment of the district court is vacated, and this action is remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 Atkins also attacked the constitutionality of provisions of the North Carolina Constitution and statutes pertaining to schools. The district court declined to request the appointment of a three-judge court pursuant to 28 U.S.C. 2284(1) holding that Atkins lacked standing, that many of the laws Atkins attacked had previously been declared unconstitutional, and that the other constitutional questions he raised were plainly unsubstantial. Atkins then petitioned the Court of Appeals for an order requiring the district judge to convene a three-judge court. His petition was summarily denied for the reasons stated by the district court. Atkins v. United States District Court for the Middle District of N.C., No. 13,248 (4th Cir. March 6, 1969). Atkins sought no further review, and this judgment is final. Therefore, this appeal is limited to those issues cognizable by a single judge
 
 
 [2]
 Atkins appeared pro se. He is a member of the Texas bar and the bar of the United States Supreme Court. He is not, however, a member of the North Carolina bar and for that reason he could not represent his daughter and son-in-law without associating local counsel. Now that the Allens have employed an attorney, he may apply on remand for leave to be associated pro hac vice
 
 
 [3]
 See fn. 1, supra