### Donna J. HORN and Betty Seaton, Plaintiffs,

**Equal Employment Opportunity Commission, Plaintiff-Intervenor-Appellant,**

v.

**ELTRA CORPORATION, Prestolite Division and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, U.A.W. (AFL–CIO) and Local Union No. 526, U.A.W. (AFL–CIO), Defendants-Appellees.**

No. 81–1244.

United States Court of Appeals, Sixth Circuit.

Argued April 4, 1982.

Decided Aug. 26, 1982.

here unreasonable.

**440**

Rita C. Chastang, E.E.O.C., Detroit, Mich., Lorraine L. Davis (argued), E.E.O.C., Washington, D. C., for plaintiff-intervenor-appellant.

Eugene T. D'Ablemont (argued), Kelley, Drye & Warren, New York City, for defendants-appellees.

Ralph Jones, Detroit, Mich., for UAW.

Before MERRITT and KRUPANSKY, Circuit Judges, and WILSON,* District Judge.

* The Honorable Frank W. Wilson, Chief Judge, United States District Court for the Eastern

KRUPANSKY, Circuit Judge.

This is an appeal by the Equal Employment Opportunity Commission (EEOC) from an order of the United States District Court for the Eastern District of Michigan which revoked the EEOC's status as a permissive intervenor herein and thereby precluded the Commission from further participation in the instant case. However, during the pendency of the present appeal of the revocation order, the underlying civil action was dismissed with prejudice pursuant to a settlement between plaintiff Donna Horn (Horn) and defendant Eltra Corp. (Eltra). Accordingly, this Court must determine if the settlement of Horn's basic claim now renders moot the present appeal which seeks the reinstatement of the EEOC as an intervenor in Horn's lawsuit.

As a general rule, "[a] prerequisite of an intervention (which is an ancillary proceeding in an already instituted suit) is an existing suit within the Court's jurisdiction." *Non-Commissioned Officers Association of the United States v. Army Times Publishing Co.*, 637 F.2d 372, 373 (5th Cir. 1981), *modified on other grounds* 650 F.2d 83 (1981). *See McClune v. Shamah*, 593 F.2d 482 (3d Cir. 1979), *U.S. Postal Service v. Brennan*, 579 F.2d 188 (2d Cir. 1978); *Black v. Central Motor Lines, Inc.*, 500 F.2d 407 (4th Cir. 1974). *See also* 7A, Wright & Miller, Federal Practice and Procedure: Civil § 1917 (1972). This rubric is subject to two recognized exceptions: first, intervenors with an independent basis for jurisdiction may be treated as stating a wholly separate claim, *Atkins v. State Board of Education of North Carolina*, 418 F.2d 874 (4th Cir. 1969); *Fuller v. Volk*, 351 F.2d 323 (3d Cir. 1965); and second, intervenors who become members of a class action may be permitted to proceed with the action even though the claim of the named plaintiff has become moot. *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

District of Tennessee, sitting by designation.

It is uncontroverted that neither of these two recognized exceptions are applicable to the EEOC in the matter at bar. Initially, the record discloses that the EEOC has never issued a determination of reasonable cause nor engaged in post determination conciliation on Horn's charge, and so the Commission is without an independent jurisdictional basis for litigating here against Eltra. 42 U.S.C. § 2000e–5(b) and (f)(1); *EEOC v. Bailey Co., Inc.*, 563 F.2d 439 (6th Cir. 1977), *cert. denied* 435 U.S. 915, 98 S.Ct. 1468, 55 L.Ed.2d 506 (1978). Further, it is a matter of record that a motion to certify the Horn case as a class action was denied prior to the revocation of the EEOC's status as intervenor and was not appealed, so there can be no assertion here that the Commission now seeks reinstatement to prosecute the unsettled claims of certified class members. *See Franks v. Bowman Transportation Co.*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *Sosna, supra.*[1]

The EEOC neither acknowledges nor attempts to conform to the above authorities; instead, the Commission argues that the weight of recent precedent supports a rule that an intervenor's claim does not "rise and fall" with the suit of the original party. Principally, the EEOC relies upon *Pasedena City Board of Education v. Spangler*, 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976), as generally sanctioning permissive intervention despite both the removal of the original plaintiffs and the absence of a certified class. However, a fair reading of *Spangler* establishes that it is inapposite to the instant case and not contrary to the well-settled law on the maintenance of permissive intervention.

In *Spangler*, the Court permitted the intervention of the Justice Department to survive the mootness of the original party plaintiff's claim in a school desegregation matter that had not been certified as a class action. As noted, the Supreme Court's analysis in *Spangler* closely adheres to the two recognized bases for allowing intervention to proceed where the basic action has become moot. Initially the Court considered, and rejected, a claim that the parties' prior treatment of the lawsuit as affecting a "class of unnamed individuals still attending Pasedena public schools" was equivalent to formal class certification and so could support continuing intervention. 427 U.S. at 430, 96 S.Ct. at 2702. The Court thereupon sought, and found, an independent basis for jurisdiction over the Justice Department as intervenor:

> The United States intervened in this case pursuant to 42 U.S.C. § 2000h–2. That section provides that "the United States shall be entitled to the same relief as if it had instituted the action." The meaning of this provision is somewhat ambiguous, and there is little legislative history to shed any light upon the intention of Congress. But we think the statute is properly read to authorize the United States to continue as a party plaintiff in this action, despite the disappearance of the original plaintiffs and the absence of any class certification, so long as such participation serves the statutory purpose, and that the presence of the United States as a party ensures that this case is not moot.

*Id.* at 430–31, 96 S.Ct. at 2702.

The status of the EEOC in the case at bar is not analogous. The Commission is seeking to proceed as a permissive intervenor pursuant to Fed.R.Civ.P. 24(b) and not as an intervenor of right, in the manner of the Justice Department in *Spanger. Compare* 42 U.S.C. § 2000e–5(f)(1) *and* 42 U.S.C. § 2000h–2. Further, notwithstanding the manner by which intervention was initially accomplished, the Justice Department in *Spangler* was determined to possess, by statute, the status of an original party once it had intervened and so could not be denied its right to proceed upon the dismissal of other original parties. Absent a similar statute, nothing in *Spangler* can be read as

---

1. Moreover, *General Telephone Co. v. EEOC*, 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980), which permits the EEOC to seek classwide relief without certifying the action under Fed.R.Civ.P. 23, is inapposite to the case at bar since *General Telephone* is limited to EEOC actions brought in its own name and not, as here, to EEOC interventions in a private action.

conferring original party status upon the EEOC in the present matter.[2]

Wherefore, inasmuch as the class action allegations of Horn's complaint were expressly denied certification, and the EEOC is without an independent jurisdictional basis upon which to litigate against Eltra herein, this Court concludes that the settlement and dismissal of Horn's claim renders the Commission's present appeal moot, and the appeal is hereby ORDERED dismissed.

2. A second case relied upon by the EEOC to support a general rule allowing intervention into actions where the original party has been dismissed is *United States Steel v. Environmental Protection Agency*, 614 F.2d 843 (3d Cir. 1979). *U. S. Steel*, which involved intervention into appellate proceedings and which involved substantially different facts from those *sub judice*, is obviously intended to be confined to its facts. In addition to the frequent use of phrases restricting the case to the record, *see, e.g., id.* at 844, 846, the Third Circuit less than six weeks later in *McKay v. Heyison*, 614 F.2d 899 (3rd Cir. 1980) clearly reiterated its holding in *Fuller, supra,* that, absent an independent basis for jurisdiction, a permissive intervenor may not "breathe life into a 'non-existent' lawsuit." 614 F.2d at 906. Accordingly, *U. S. Steel* is of little persuasive effect in the instant matter.