In re D.H. OVERMYER TELECASTING CO., INC., Debtor and Debtor-In-Possession.

FISHER, HECHT & FISHER, Plaintiff,

v.

D.H. OVERMYER TELECASTING CO., INC., Defendant.

Bankruptcy No. B81–00506.

Adv. No. B84–0366.

United States Bankruptcy Court, N.D. Ohio, E.D.

March 28, 1985.

Michael S. Feldberg, Shea & Gould, New York City and Alan R. Lepene, Thompson, Hine & Flory, Cleveland, Ohio, for plaintiff.

John Silas Hopkins, III, Boston, Mass., Constance M. Iskin, John E. Sullivan, Baker & Hostetler, Cleveland, Ohio Special Counsel for debtor and defendant.

## MEMORANDUM OF OPINION

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter came on for hearing on the motion of Fisher, Hecht & Fisher ("FHF") to dismiss the amended objection and amended counterclaim of D.H. Overmyer Telecasting Co., Inc. ("Telecasting") to claim number 149 filed by FHF, and to deny the motion for intervention filed by the First National Bank of Boston ("FNBB"). In the alternative, FHF seeks to have this proceeding transferred to the United States Bankruptcy Court for the Southern District of New York. Counsel for FHF and Telecasting have submitted memorandums and oral arguments in support of their respective positions.

FHF filed a proof of claim in this Court seeking compensation of $18,750.00 for services rendered as attorneys for the unsecured creditors' committee in Telecasting's Chapter XI case commenced in the Southern District of New York in late August, 1976, dismissed in February, 1981 and refiled in this Court as a Chapter 11 proceeding the same day it was dismissed in the Southern District of New York.

Telecasting's counterclaim contains four counts, all of which arise from the same alleged conduct of FHF. Telecasting alleges that FHF aided Daniel H. Overmyer in defrauding Telecasting, by "packing" the creditors' committee in the Chapter XI case in the Southern District of New York. This Court found in *In re D.H. Overmyer Telecasting Co., Inc.*, 23 B.R. 823, 894 (Bankr.N.D.Ohio 1982), that Daniel H. Overmyer placed employees and subordinates on the creditors' committee, and thereby subverted the function of that committee. Telecasting's counterclaim alleges that FHF helped assemble this creditors' committee, actively participated in packing the committee and knowingly withheld from the New York Bankruptcy Court the information that the creditors' committee was improperly constituted.

Count I of Telecasting's counterclaim alleges a breach of fiduciary duty to Telecasting and/or the bankruptcy estate; count II alleges malpractice by FHF; count III alleges that FHF aided and abetted Daniel H. Overmyer in defrauding Telecasting; and count IV alleges that FHF's claim is unfair and seeks equitable subordination of that claim.

■ As to counts I and II, this Court holds that Telecasting lacks standing to assert such claims against FHF. As counsel for the creditors' committee, FHF owed no fiduciary duty to Telecasting. FHF's duty of loyalty and allegiance was owed to the creditors' committee and to the creditors whom that committee was to represent. The malpractice and breach of fiduciary duty claims belong to the creditors' committee or to the unsecured creditors in general. The debtor-in-possession may not recover on those claims for the benefit of unsecured creditors. *Caplin v. Marine Midland Grace Trust Co. of New York*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972); *Cissell v. American Home Assurance Co.*, 521 F.2d 790 (6th Cir.1975).

■ Since Telecasting lacks standing to sue, FNBB may not intervene as to counts I and II unless FNBB has an independent basis for jurisdiction. If FNBB has an independent basis for jurisdiction, this Court may allow it to intervene in order to save the time which a dismissal and re-filing by FNBB would entail. *Horn v. Eltra Corp.*, 686 F.2d 439 (6th Cir.1982); *Atkins v. State Board of Education of North Carolina*, 418 F.2d 874 (4th Cir.1969). Since FNBB's cause of action for malpractice and breach of fiduciary duty will not affect the administration of the bankruptcy estate, and since it involves purely issues of state law, this Court is without jurisdiction to hear the claims, if any, of FNBB against FHF. *Northern Pipeline Con-*

*struction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); *Pacor v. Higgins,* 743 F.2d 984 (3d Cir.1984).

■ Count III alleges that FHF knowingly participated in, and aided and abetted Daniel H. Overmyer in defrauding Telecasting and its creditors. Priority is not an issue here, since FHF could have defrauded Telecasting even if FHF owed no fiduciary duty to Telecasting. However, this Court finds that Telecasting's claim lacks the necessary specificity to satisfy the requirements by Rule 9(b) of the Rules of Civil Procedure, made applicable in this Court by Bankruptcy Rule 7009. Allegations that FHF "actively participated" in the fraud or "aided and abetted" the fraudulent conduct are not sufficient. *Decker v. Massey–Ferguson,* 681 F.2d 111, 116 (2d Cir.1983). Rather than dismiss count III outright, this Court will grant Telecasting leave to amend count III to conform to the requirement of Rule 9(b). The issue of the statute of limitations will be decided upon the filing of a second amended counterclaim.

Count IV of the amended counterclaim asks that FHF's claim be equitably subordinated. Equitable subordination is a remedy based on the court's equitable powers. Should this Court determine at a later date that FHF has engaged in some type of inequitable conduct to the detriment of the estate, it may subordinate the claim of FHF. Insofar as count IV seeks to state a separate claim for relief, it must be dismissed.