904 F.2d 5
 16 Fed.R.Serv.3d 1175
 ARKOMA ASSOCIATES, Plaintiff-Counter Defendant-Appellee,
v.
C. Tom CARDEN and Leonard L. Limes, Defendants-Appellants,
and
MAGEE DRILLING COMPANY, INC., Intervenor-Counter Plaintiff-Appellant,
v.
David HEPBURN, et al., Third Party Defendants-Appellees.
ARKOMA ASSOCIATES, Plaintiff-Appellee, Cross-Appellant,
v.
C. Tom CARDEN and Leonard L. Limes, Defendants-Appellants,
Cross-Appellee,
and
Magee Drilling Company, Intervenor-Appellant, Cross-Appellee.
 Nos. 87-3624, 87-3917.
 United States Court of Appeals,
Fifth Circuit.
 June 26, 1990.
 
 Richard K. Ingolia, Kenneth J. Berke, Berke & Ingolia, New Orleans, La., for Carden, Limes & Magee Drilling Co., Inc.
 Mitchell J. Hoffman, Lowe, Stein, Hoffman & Allweiss, New Orleans, La., for Arkoma Associates.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before POLITZ and JOHNSON, Circuit Judges, and BOYLE*, District Judge.
 PER CURIAM:
 
 
 1
 This matter is now before us on remand from the Supreme Court.
 
 
 2
 Invoking diversity jurisdiction Arkoma Associates, a partnership organized under the laws of Arizona, sued C. Tom Carden and Leonard L. Limes, citizens of Louisiana, as guarantors of an agreement by which Arkoma leased certain drilling equipment to Magee Drilling Company, Inc. (MDC). Carden and Limes counterclaimed. MDC, a Texas corporation with its principal place of business in Texas, intervened, urging claims against Arkoma for violation of the Texas Deceptive Trade Practices Act.
 
 
 3
 Carden and Limes sought dismissal for lack of diversity jurisdiction because a limited partner of Arkoma was a fellow Louisianian. The district court rejected this jurisdictional challenge and after a bench trial awarded judgment to Arkoma and rejected MDC's claims. Carden, Limes, and MDC appealed. We affirmed. Arkoma Associates v. Carden, 874 F.2d 226 (5th Cir.1988). The Supreme Court granted certiorari. Holding that the citizenship of a limited partner was relevant in the diversity jurisdiction equation, the Supreme Court directed dismissal of Arkoma's claim against Carden and Limes for lack of jurisdiction. The Court remanded to us the issue presented by the judgment dismissing the claims of MDC. Carden v. Arkoma Associates, 494 U.S. ----, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).
 
 
 4
 On remand, MDC maintains that the district court lacked jurisdiction over its demands in intervention because the court lacked jurisdiction over the main demand. MDC's claims, however, have an independent jurisdictional basis, discrete from that of the main demand. It is undisputed that no partner of Arkoma resides in Texas. Accordingly, there is complete diversity between Arkoma and MDC. Further, MDC's claim in intervention exceeds the jurisdictional minimum. Thus, all requisites for diversity jurisdiction under 28 U.S.C. Sec. 1332 are satisfied.
 
 
 5
 When a separate and independent jurisdictional basis exists a federal court has the discretion to treat an intervention as a separate action, and may adjudicate it despite dismissal of the main demand if failure to do so might result in unnecessary delay or other prejudice. Harris v. Amoco Production Co., 768 F.2d 669 (5th Cir.1985), cert. denied, 475 U.S. 1011, 106 S.Ct. 1186, 89 L.Ed.2d 302 (1986); Hunt Tool Co. v. Moore, Inc., 212 F.2d 685 (5th Cir.1954); Atkins v. State Board of Education of North Carolina, 418 F.2d 874 (4th Cir.1969); Fuller v. Volk, 351 F.2d 323 (3rd Cir.1965); cf. Simmons v. Interstate Commerce Commission, 716 F.2d 40 (D.C.Cir.1983); Horn v. Eltra Corp., 686 F.2d 439 (6th Cir.1982). Such necessarily is the situation at bar where the trial court has adjudicated MDC's claim and this court has affirmed. We perceive no basis for a reconsideration of our affirmation nor can we conceive of any purpose to be served by a remand of MDC's claims to the district court. Further, a dismissal of MDC's claims without prejudice would result only in further delay and expense to the parties and a cavalier waste of increasingly limited judicial resources, both trial and appellate.
 
 
 6
 For these reasons, the judgment of the district court rejecting the demands of MDC against Arkoma is AFFIRMED; and the judgment of the district court as it relates to the claims of Arkoma and the counterclaims of Carden and Limes is VACATED for lack of jurisdiction, and those claims are dismissed without prejudice.
 
 
 
 *
 District Judge, of the Eastern District of Louisiana, sitting by designation