*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0108p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

VILLAGE OF OAKWOOD; BAUGHMAN TILE
COMPANY; GENE A. BAUGHMAN; MARY ANN
BAUGHMAN; GARY C. GRANT, Trustee; GARY C.
GRANT INSURANCE AGENCY, INC.,
               *Plaintiffs-Appellants,*

     *v.*

STATE BANK AND TRUST COMPANY,
               *Defendant-Appellee,*

FEDERAL DEPOSIT INSURANCE CORPORATION,
               *Intervenor-Appellee.*

No. 06-3117

>

Appeal from the United States District Court
for the Northern District of Ohio.
No. 05-07173—James G. Carr, Chief District Judge.

Argued: October 25, 2006

Decided and Filed: March 22, 2007

Before: MARTIN and COOK, Circuit Judges; TARNOW, District Judge.[*]

_____

**COUNSEL**

**ARGUED:** John C. Deal, WINKLER & WINKLER, Columbus, Ohio, for Appellants. Stephen A. Rothschild, SHUMAKER, LOOP & KENDRICK, Toledo, Ohio, Jaclyn C. Taner, FEDERAL DEPOSIT INSURANCE CORP., Arlington, Virginia, for Appellees. **ON BRIEF:** John C. Deal, WINKLER & WINKLER, Columbus, Ohio, for Appellants. Stephen A. Rothschild, James H. O'Doherty, SHUMAKER, LOOP & KENDRICK, Toledo, Ohio, Jaclyn C. Taner, FEDERAL DEPOSIT INSURANCE CORP., Arlington, Virginia, for Appellees.

---

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

---

**OPINION**

---

COOK, Circuit Judge.  This case requires us to decide whether intervention by the Federal Deposit Insurance Corporation (FDIC) in a suit between nondiverse parties raising state law claims can create federal jurisdiction, even though it had not been a party in state court prior to removal. Holding that it cannot, we reverse.

I

The day after Oakwood Deposit Bank Company (Oakwood) was placed in federal receivership, the FDIC, as receiver, entered into a purchase and assumption agreement for State Bank and Trust (State Bank) to take over Oakwood's insured deposits and some of its assets.  Using the best information available at the time, the FDIC set at four million dollars the premium State Bank would pay for these assets (mostly loans) and liabilities (deposits).  Two weeks later, the FDIC returned half of the four million dollar premium to State Bank because it had overvalued some of the assets transferred to State Bank.  Further investigation of Oakwood's records disclosed that insured deposits were nearly sixty million dollars more than previously thought.  These additional deposits were liabilities of the receivership, not State Bank.

Village of Oakwood and a handful of individuals and businesses with deposits exceeding the FDIC's insurance limit, collectively the "uninsured depositors," filed suit in an Ohio court.  Though the complaint alleged that the FDIC breached its fiduciary duty by not using the four million dollar premium to cover their losses, it named State Bank, rather than the FDIC, as defendant and alleged four Ohio causes of action:  successor liability (State Bank being the successor of Oakwood), aiding and abetting the FDIC's breach of its fiduciary duty, equitable constructive trust, and "contract."

The FDIC initially sought to intervene in the Ohio Court of Common Pleas, but then opted to remove the case to federal court before the Ohio court ruled on its motion to intervene.  When the uninsured depositors responded with a motion to remand the case to the state court, the district court granted it, then reversed that decision upon the request of the FDIC to reconsider.  Having been granted leave to intervene, the FDIC then moved for summary judgment, presumably on behalf of State Bank, and the district court granted its motion.[1]  *Village of Oakwood v. State Bank & Trust Co.*, 410 F. Supp. 2d 670 (N.D. Ohio 2006).  The uninsured depositors timely appealed.

II

We review de novo the existence of subject matter jurisdiction and the denial of a motion to remand, *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 548 (6th Cir. 2005), cognizant of our continuing obligation to ensure that we have subject matter jurisdiction over the case under review, *see Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126 (1804), even if the parties fail to properly present the issue. *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1325 (6th Cir. 1993).  In the absence of jurisdiction, the court's only function is to announce the lack of jurisdiction and dismiss or remand the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)).  Because this requirement "springs from the nature and limits of the judicial power of the United States, [it] is inflexible and without exception." *Id.* at 94-95 (citing *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

---

[1]The FDIC also argued that the case should be dismissed for failure to join the FDIC as an indispensable party. The district court did not address that argument, and none of the parties raise the issue on appeal.

We analyze the "statutory prerequisites for federal jurisdiction . . . claim by claim." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 125 S. Ct. 2611, 2618 (2005). Because the only claims in this action arise under Ohio law between nondiverse parties, and none of them fall within the original jurisdiction of the district court, the only conceivable basis for jurisdiction is the presence of the FDIC. Both State Bank and the FDIC itself urge us to view FDIC's intervention as sufficient to confer jurisdiction over this case.

### III

Intervention cannot, as a general rule, create jurisdiction where none exists. Intervention "presuppose[s] an action duly brought"; it cannot "cure [the] vice in the original suit" and must "abide the fate of that suit." *United States ex rel. Tex. Portland Cement Co. v. McCord*, 233 U.S. 157, 163-64 (1914). As such, a court requires an already-existing suit within its jurisdiction as a prerequisite to the "ancillary proceeding" of intervention. *Horn v. Eltra Corp.*, 686 F.2d 439, 440 (6th Cir. 1982); *see also Kelley v. Carr*, 691 F.2d 800, 806 (6th Cir. 1980) ("[I]ntervention presumes a valid lawsuit in a court of competent jurisdiction."). *See generally* 7C Wright, Miller & Kane, Federal Practice and Procedure § 1917 (3d ed. 1998). In the absence of jurisdiction over the existing suit, a district court simply has no power to decide a motion to intervene; its only option is to dismiss.

This uncontroversial procedural premise finds explicit support from nearly every other circuit. *See, e.g.*, *Pianta v. H. M. Reich Co.*, 77 F.2d 888, 890 (2d Cir. 1935); *Fuller v. Volk*, 351 F.2d 323, 328 (3d Cir. 1965); *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 840 (4th Cir. 1999); *Arkoma Assocs. v. Carden*, 904 F.2d 5, 7 (5th Cir. 1990); *Hofheimer v. McIntee*, 179 F.2d 789, 792 (7th Cir. 1950); *Porter v. Knickrehm*, 457 F.3d 794, 799-800 (8th Cir. 2006); *Benavidez v. Eu*, 34 F.3d 825, 829 (9th Cir. 1994); *Nat'l Ass'n of State Util. Consumer Advocates v. FCC*, 457 F.3d 1238, 1250 (11th Cir. 2006); *Aeronautical Radio, Inc. v. FCC*, 983 F.2d 275, 283 (D.C. Cir. 1993).

We have, however, recognized a narrow exception to this general rule. In a case where the intervening party brings separate claims, and the district court has an independent basis to exercise jurisdiction over those claims, that scenario calls for the district court to dismiss the original claims in the action for lack of subject matter jurisdiction while retaining jurisdiction over the intervenor's claims only. *Kelley*, 691 F.2d at 806; *Horn*, 686 F.2d at 440-41; *see also Montcalm Publ'g Corp. v. Virginia*, 199 F.3d 168, 172 n.* (4th Cir. 1999); *GTE Cal. v. FCC*, 39 F.3d 940, 947 (9th Cir. 1994). In *Kelley*, the Michigan Attorney General sued Carr for violating various securities laws, and the Commodity Futures Trading Commission (CFTC) intervened as a plaintiff to enforce the Federal Commodity Exchange Act against Carr. While the district court had no jurisdiction over Attorney General Kelley's claims against Carr (for reasons unimportant here), it had jurisdiction over the CFTC's claims against Carr. And though required to dismiss Kelley's claims, the court recognized the futility of dismissing the CFTC's claims only "to require the parties to begin again merely to arrive at the same place." *Kelley*, 691 F.2d at 806.

### IV

Against this general backdrop, the FDIC and State Bank claim that 12 U.S.C. § 1819(b)(2) grants the federal courts jurisdiction over this case. Passed as part of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), § 1819(b)(2) deems suits to which the FDIC *is a party* to arise under federal law and specifies how and when the FDIC may remove cases to federal court. Section 1819(b)(2)(A) provides that "all suits of a civil nature at common law or in equity to which the Corporation [FDIC], in any capacity, is a party shall be deemed to arise under

the laws of the United States."[2]   Thus, if the FDIC is a party to an action within the meaning of § 1819, the district court has federal-question jurisdiction under 28 U.S.C. § 1331.  Section 1819(b)(2)(B) allows the FDIC to "remove any action, suit, or proceeding from a State court to the appropriate United States district court" where "the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party."  This subsection tracks the language of 28 U.S.C. § 1441, which grants defendants the power to remove.  It does not create jurisdiction, but rather allows the FDIC to remove cases where the district court would have original jurisdiction, typically under § 1331 and § 1819(b)(2)(A).

Under § 1819(b)(2), if a case or controversy includes *any* claim to which the FDIC is a party, the district court has jurisdiction over the entire case or controversy.  28 U.S.C. § 1367(a).  Even if a claim arises under state law between a bank and nondiverse plaintiffs, the district court could still exercise jurisdiction if the FDIC, in its capacity as receiver, is substituted as a party for that bank under Fed. R. Civ. P. 25(c).  The Eighth Circuit recently held that the FDIC's substitution for a failed bank "clearly establishes federal court jurisdiction."  *Phipps v. FDIC*, 417 F.3d 1006, 1009 n.2 (8th Cir. 2005); *see also Buczkowski v. FDIC*, 415 F.3d 594, 596 (7th Cir. 2005) (explaining removal jurisdiction in the context of Rule 25).  In *Phipps*, the failed bank's interest had been transferred to its receiver (the FDIC), transforming the plaintiffs' claim to one against the FDIC, giving the court jurisdiction under § 1819(b)(2)(A) and § 1331, and allowing the FDIC to remove under § 1819(b)(2)(B).  *Phipps* exemplifies, in our view, how Congress intended § 1819(b)(2) to operate.

We thus read § 1819(b)(2) in harmony with the longstanding rule that intervention requires an existing claim within the court's jurisdiction and hold that the FDIC's intervention cannot create jurisdiction where none existed.  We recognize that our holding directly conflicts with the Fifth Circuit's holding that "the FDIC's attempt to intervene conferred on it sufficient 'party' status to bring this case within the federal court's jurisdiction under § 1819(b)(2)(A)."  *Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 426 (5th Cir. 2002).  The Fifth Circuit failed to explain why § 1819(b)(2)(A) changes the rule against intervention creating jurisdiction, other than to note that it chose to decide intervention before subject matter jurisdiction because the "the issue of the propriety of intervention [was] intertwined with that of subject matter jurisdiction."  *Id.* at 421 n.3.  *Heaton* errs by putting the intervention cart before the jurisdiction horse, and we decline to adopt its reasoning.[3]

---

[2]"Corporation" refers to the FDIC.  "In any capacity" modifies "Corporation" and refers to whether the FDIC is acting in its capacity as receiver or insurer.  *Contra FDIC v. Loyd*, 955 F.2d 316, 326 n.10 (5th Cir. 1992) ("However, the FDIC as a party 'in any capacity,' 12 U.S.C. § 1819, enjoys the right to remove.").

[3]We note, notwithstanding our holding, that there may be an instance in which the FDIC, recognizing that it has a substantial interest in the litigation, wishes to intervene in a state court proceeding between nondiverse parties, but the state court denies its motion to intervene.  In such a case, the FDIC—despite its status as a federal institution, and despite the threat to its interests—would not be able to protect those interests because a state court has refused to crown the FDIC with the requisite "party" status, thus preventing removal to federal court.

We acknowledge that "party" has an ordinary meaning, but we note that a federal court might adopt its own view of what constitutes a "party" for purposes of § 1819(b)(2).  The Supreme Court has warned us, however, to avoid supplanting state rules unless there is a significant conflict with or threat to a federal interest.  *See, e.g.*, *Atherton v. FDIC*, 519 U.S. 213, 225 (1997); *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 730 (1979); *Wallis v. Pan Am. Petroleum Corp.*, 384 U.S. 63, 68 (1966).  Although we realize that such a case would be a rare occurrence, if the FDIC could demonstrate that a state court's denial of its motion to intervene would "significant[ly] conflict with, or threat[en]" its interests, *Atherton*, 519 U.S. at 225, we leave open the possibility that a federal court could determine that the FDIC is a party under § 1819(b)(2).

This case, however, presents no such threat given that the FDIC removed to a federal court before the state court had an opportunity to act on the FDIC's motion to intervene.

V

The only claims in this action arise under Ohio law between Ohio uninsured depositors and an Ohio bank. While this might be a different case if State Bank had impleaded the FDIC as a third-party defendant, we are constrained to decide only the case before us. Although the FDIC urges us to read *Kelley* as supporting jurisdiction under § 1819(b)(2)(A), we view the narrow exception announced in *Kelley* as inapplicable. The FDIC has not asserted any claims against a party, nor has any party asserted claims against the FDIC. Absent the uninsured depositors' claims against State Bank, there is simply nothing left for us to adjudicate.

We note finally our skepticism that the uninsured depositors' claims can survive FIRREA's bar against courts adjudicating "any claim relating to any act or omission of . . . the Corporation as receiver." 12 U.S.C. § 1821(d)(13)(D)(ii). Nevertheless, having announced that we are without jurisdiction, our only remaining task is to reverse the district court and instruct it to remand this case to the Ohio Court of Common Pleas.