**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRACY ALLEN,
*Plaintiff-Appellee*,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION,
*Intervenor-Appellant*,

ONE UNITED BANK,
*Defendant*.

No. 11-55129

D.C. No.
2:10-cv-09356-
JFW-JEM

OPINION

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted
January 8, 2013—Pasadena, California

Filed March 15, 2013

Before: Alex Kozinski, Chief Judge, M. Margaret
McKeown, and Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge McKeown

## SUMMARY[*]

### FDIC

The panel affirmed the district court's order remanding the case to state court where the Federal Deposit Insurance Corporation was not authorized under 12 U.S.C. § 1819(b)(2)(B) to remove the action to federal court.

The panel explained that 12 U.S.C. § 1819(b)(2)(B), which grants the FDIC broad removal authority, is triggered by the filing of a suit against the FDIC or when the FDIC is substituted as a party. In the underlying case in state court, the FDIC had neither been sued nor was it a party. The panel held that § 1819(b)(2)(B) authorized removal by the FDIC only after it had obtained party status, and simply filing a motion to intervene did not open the removal window.

## COUNSEL

Colleen J. Boles, Lawrence H. Richmond, Jaclyn C. Taner, Federal Deposit Insurance Corporation, Arlington, Virginia for Invervenor-Appellant.

Daniel M. Graham, Torrance, California for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

McKEOWN, Circuit Judge:

This appeal involves the straightforward construction of a statute that gives the Federal Deposit Insurance Corporation ("FDIC") the right to remove actions from state court to federal court:

> the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

12 U.S.C. § 1819(b)(2)(B). The statute and its timeline are triggered by the filing of a suit against the FDIC or when the FDIC is substituted as a party. Here, in the underlying case in state court, the FDIC had neither been sued nor was it a party. Rather, it jumped the gun to remove the suit to federal court while the state court was considering its motion to intervene for the limited purpose of protecting bank documents in a discovery dispute. We affirm the district court's order remanding the case to state court.

## BACKGROUND

The underlying action was brought in California state court by Tracy Allen, who sued OneUnited Bank ("the Bank"), a federally-insured, FDIC-supervised bank, for wrongful termination stemming from her complaints about

the Bank's lending practices. In discovery, Allen requested documents relating to lending practices, including annual FDIC exams/audits. The Bank objected on the basis that the information was confidential under FDIC rules and regulations.[1] The court rejected this argument and granted Allen's motion to compel production of the records. The California Court of Appeal denied the Bank's petition for a writ of mandate to set aside the ruling. Soon thereafter, the FDIC began negotiations with Allen's counsel to resolve the discovery dispute. The parties agreed that the FDIC would disclose certain documents if the court would enter a stipulated protective order.

The court, however, declined to enter the agreed-upon order, expressing concern that it limited the court's review of confidential information and disclosure of information relevant to trial. The court permitted the parties to modify the protective order to make it workable and "allow[ed] [the] lawyers to keep dealing" with any grievances by the FDIC.

While negotiations of a revised protective order were ongoing, Allen filed a motion for sanctions against the Bank for failing to comply with the court's earlier order compelling production of the FDIC documents. About a week before the hearing on that motion, the FDIC moved ex parte for leave to file a complaint in intervention or, alternately, for an order shortening the time for consideration of its motion for intervention to a date before the hearing on Allen's sanctions motion. The judge rejected the request to shorten time for consideration of intervention, characterizing it as "complete

---

[1] FDIC regulations prohibit disclosing reports of examination or other reports of supervisory activity prepared by the FDIC except in accordance with specific disclosure procedures. 12 C.F.R. §§ 309.6, 350.9.

hogwash" since the FDIC had "not act[ed] in a way that was in harmony with the dates that were going on in the case." He also noted that the FDIC's reasons for seeking expedited relief "don't satisfy any kind of standard concerning timeliness . . . or . . . satisfy the requirements of the California Rules of Court showing an emergency." The judge denied relief without prejudice to consideration on a non-expedited basis and set a hearing on the intervention motion for about a month later.

The FDIC removed the action to federal district court under 12 U.S.C. § 1819(b)(2). Upon removal, the FDIC moved to intervene before the district court. Allen successfully moved to remand. The district court concluded that the FDIC could not remove the case because it was not a party to the state court action and denied as moot the FDIC's intervention motion.

The FDIC appealed, and we granted the FDIC's motion to stay the remand order pending appeal. The FDIC and Allen engaged in protracted negotiations under the auspices of a Ninth Circuit mediator. The parties reached a settlement under which they would jointly request the district court to remand the case to state court with "special instructions" for the state court to enter a new stipulated protective order. The Ninth Circuit dismissed the appeal without prejudice to reinstatement should the district court not grant the joint motion for remand or if upon remand the state court did not enter the agreed-upon protective order.

The district court granted the joint motion for remand with special instructions. On remand, however, the state court "respectfully decline[d] to enter the order" because, in its opinion, "the order . . . raise[d] significant and deep issues

of federalism and the relationship between state and local government and relationship between courts." The court was of the "view . . . that a district court may not enjoin or stay proceedings in any state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The court further expressed that its approval was not automatic simply because the parties had agreed to the order.

## ANALYSIS

## I. THE FDIC'S SPECIAL REMOVAL AUTHORITY

Without doubt, Congress granted the FDIC broad removal authority in 12 U.S.C. § 1819(b)(2)(B) ("subpart (2)(B)"). The provision "confers several procedural advantages on the FDIC that go beyond the general removal authorization found in 28 U.S.C. §§ 1441–1452." *Bullion Servs., Inc. v. Valley State Bank*, 50 F.3d 705, 707 (9th Cir. 1995). The FDIC can remove a case under subpart (2)(B) even as a plaintiff and even after a state court has entered judgment. *Id.* (citing *FSLIC v. Frumenti Dev. Corp.*, 857 F.2d 665, 666–67 n.1 (9th Cir. 1988), and *Resolution Trust Corp. v. BVS Dev., Inc.*, 42 F.3d 1206, 1211 (9th Cir. 1994)). Congress established a removal period of ninety days in subpart (2)(B), rather than the thirty days provided in the general removal statute. *Id.* (citing *FDIC v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1074 (11th Cir. 1994)).

In considering whether this provision permits removal where the FDIC is not a party at the time of the removal, we need look no further than the language of the statute. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009). Removal is authorized in two situations:

(1) where an "action, suit, or proceeding is filed against the Corporation," and (2) where the FDIC is "substituted as a party" in the state court action. 12 U.S.C. § 1819(b)(2)(B). Subpart (2)(B), although granting the FDIC procedural advantages, ties removal authority to party status.

The first circumstance involves claims brought against the FDIC as a defendant. In *Bullion Services*, for instance, we readily determined that "[FDIC-Corporate] was made a party to the present action" when the plaintiff amended the complaint to add it as a defendant. 50 F.3d at 706–07.[2] We went on to note that it was "[o]bvious[]" that "*before* being added as a party, FDIC Corporate lacked the ability to remove the case to federal court." *Id.* at 709 (emphasis added).

The second scenario, where "the Corporation is substituted as a party," is typically invoked when the FDIC, in its receiver capacity, is substituted for a failed bank in litigation—either as plaintiff or defendant. Not surprisingly, courts have held that the filing of a notice of substitution, which makes the FDIC a party to the action, immediately triggers the right to remove under subpart (2)(B). *See, e.g.*, *Buczkowski v. FDIC*, 415 F.3d 594, 597 (7th Cir. 2005) ("Any litigant, or the court on its own motion, can substitute the FDIC for the failed bank as a party. That would open the

---

[2] The remaining question we considered was whether the removal provision applied independently to the FDIC in both its corporate capacity and its receiver capacity, where the removal provision referred only to "the Corporation," in contrast to the reference in the original jurisdictional provision to "the Corporation, in any capacity." In recognition of the "different functions" of the FDIC, and to effectuate Congress's goal that claims against the FDIC be heard in federal court, we determined the removal provision is applicable to each entity independently. *Id.* at 709.

90-day window for removal."); *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1147–48 (5th Cir. 1992) (noting that after appointment as receiver for a defendant bank, "the FDIC removed the case on the same day it intervened [and] therefore the removal was within the 90-day period"). The term "substituted as a party" is also broad enough to embrace situations in which the FDIC becomes party to litigation in capacities other than as receiver—so long as it obtains party status in accordance with the governing law. *See generally Buczkowski*, 415 F.3d at 596 ("The FDIC may be a bank's receiver or insurer or regulator (its three statutory capacities) but is not a 'party' to anything in particular in any of these capacities. It becomes a 'party' only in court.").

We emphasize that a substitution motion, however styled, is distinct from the FDIC's motion to intervene in this case. Often, the FDIC, having been appointed receiver for a failed bank embroiled in litigation, will move to "intervene" in an action in place of the bank. The cases sometimes use the terms substitution and intervention interchangeably, although the terms are not co-extensive. *See, e.g.*, *Diaz*, 975 F.2d at 1147 (holding, in case addressing FDIC's right to remove following appointment as receiver, that subpart (2)(B) "makes it clear that the time period begins to run from the date the FDIC *'is substituted as a party' (i.e. intervenes)*") (emphasis added); *see also FDIC v. Loyd*, 955 F.2d 316, 327 (5th Cir. 1992) (addressing FDIC's removal under 28 U.S.C. § 1446 and holding that "the FDIC did not become a 'defendant' for the purpose of starting the thirty-day removal clock of § 1446(b) until it filed its *motion to intervene*" in place of failed bank taken into receivership) (emphasis added).

Substitution of the FDIC for a failed bank is essentially a ministerial matter, unlike affirmative intervention for other

purposes.  The FDIC is appointed receiver when a bank has failed and the FDIC, upon substitution, immediately becomes the real party in interest.  As the FDIC recognized in its briefing, "a state court can have no basis at all for denying a receiver's substitution motion."  The same cannot be said for the FDIC's motion to intervene in this case, which rests on its interest in discovery between third parties, and is subject to the procedural and substantive requirements of state law.  *See* Cal. Code Civ. Proc. § 387 (setting forth requirements for permissive and mandatory intervention).  The case law regarding the effect of filing for a substitution thus does not support the proposition that a motion by the FDIC to intervene for other purposes automatically triggers the right to remove.

We conclude that § 1819(b)(2)(B) authorizes removal by the FDIC only after it has obtained party status.  Simply filing a motion to intervene does not open the removal window.  Our position is consistent with the Sixth Circuit's interpretation of subpart (2)(B) in *Village of Oakwood v. State Bank and Trust Co.*, 481 F.3d 364 (6th Cir. 2007).  There, the FDIC moved to intervene in an action brought in Ohio court against a bank and then attempted to remove the case to federal court before the state court had ruled on the motion.  *Id.* at 366.  The FDIC was not the receiver of the bank, and the plaintiff had no claims against the FDIC.  *Id.*  Upon removal, the district court allowed the FDIC to intervene in the suit and exercised jurisdiction over the action.  *Id.*

The Sixth Circuit reversed, "read[ing] § 1819(b)(2) in harmony with the longstanding rule that intervention requires an existing claim within the court's jurisdiction and hold[ing] that the FDIC's intervention cannot create jurisdiction where none existed."  *Id.* at 368.  The court reasoned that because

the FDIC was not yet a party to the suit, it could not remove the suit from state court, and there was therefore no action properly before the district court in which the FDIC could intervene. *Id.* at 367–68. The result "might be . . . different [however] . . . if State Bank had impleaded the FDIC as a third-party defendant," *id.* at 369, and the case may have been different had the Ohio court granted the FDIC's motion to intervene before the attempted removal. In both alternatives, the FDIC would have had status as a party to the litigation. As in the *Village of Oakwood* case, the FDIC here is not a party under § 1819.

## II. THE FDIC'S EFFORTS TO EXTEND THE REACH OF § 1819

In the absence of statutory language favoring its position, the FDIC offers two avenues to extend the reach of the removal statute: (1) permitting removal where there is a threat to federal interests; or (2) invoking the provision granting the FDIC original jurisdiction in federal court. We are persuaded by neither rationale.

In *Village of Oakwood*, the Sixth Circuit suggested that, notwithstanding a state court's failure to grant an intervention motion, the FDIC might be permitted to remove a state action that poses a threat to federal interests. The court explained:

> [T]here may be an instance in which the FDIC, recognizing that it has a substantial interest in the litigation, wishes to intervene in a state court proceeding between nondiverse parties, but the state court denies its motion to intervene. In such a case, the FDIC—despite its status as a federal institution, and despite

the threat to its interests—would not be able to protect those interests because a state court has refused to crown the FDIC with the requisite "party" status, thus preventing removal to federal court.

*Id.* at 369 n.3. The court accordingly "le[ft] open the possibility that a federal court could determine that the FDIC is a party under § 1819(b)(2)," and thus supplant state rules, in a case presenting a "significant conflict with or threat to a federal interest." *Id.* Although the FDIC urges that this case presents exactly such a serious threat, the record presents a more complicated and different picture. This is not a case that requires us to determine whether the statute has some give in the joints. Nothing that happened here rises to the level of a "significant conflict with or threat to" federal interests.

Importantly, the state court never denied the FDIC's motion to intervene. Contrary to FDIC's characterization, the court's refusal to grant the FDIC's motion to intervene on an *expedited* basis does not reflect serious adversity to federal interests. The FDIC was on notice for months that the confidentiality of its examination reports was at issue. Nonetheless, it did not seek to intervene and remove the dispute to a federal forum until late in the game, when it perceived that Allen was committed to pursuing sanctions for the Bank's failure to produce the reports.

Although the FDIC reasonably explains that it delayed seeking intervention because it hoped for a negotiated resolution, the FDIC's miscalculation did not oblige the state court to leap to its rescue. The court denied the ex parte motion without prejudice to the merits, which it was prepared

to consider approximately one month later. The FDIC argues that this ruling was patently unreasonable in light of the impending motion for sanctions. But it is speculation to assume that disposition of that motion would have resulted in the immediate disclosure of the reports or serious damage to federal interests, particularly because the federal regulations on FDIC records do not provide for a blanket blackout on disclosure but rather permit disclosure under certain conditions. *See* 12 C.F.R. § 309.6(b).

In short, the record does not support the FDIC's picture of a "recalcitrant state court." Respect for the state court system counsels strongly against micro-managing the state court's scheduling decisions and imputing to the court a nefarious motive of obstructing federal interests. *See generally Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990) ("Under our system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.") (internal quotation marks and citation omitted). Thus, even if the potential carve out suggested by *Village of Oakland* is sound—a question we need not resolve—the present appeal does not warrant its invocation.[3]

---

[3] We do not perceive the state court's refusal to adopt the stipulated protective order facilitated by the Ninth Circuit's mediation program as evidence of adversity to federal interests. At a hearing after remand, the state court concluded the federal district court had no authority to issue "special instructions" to the state court and noted that the parties had not independently established the propriety of the order. We can hardly say that the state court flouted any federal interest in declining to enter an order negotiated by the parties.

Finally, we reject the FDIC's proposition that remand is precluded because the district court has jurisdiction under § 1819(b)(2)(A), which grants original jurisdiction in federal district court over civil suits "to which the Corporation, in any capacity, is a party."   12 U.S.C. § 1819(b)(2)(A) ("subpart (2)(A)").  The FDIC argues that "[t]he FDIC's party status . . . confers instant federal jurisdiction" under this provision and that "[b]y tying removal rights to 'party' status Congress could only have intended that the FDIC be entitled to remove when it is entitled to intervention."  The FDIC accordingly contends that, where a state court has not granted intervention, the district court must determine upon removal whether the FDIC is entitled to intervene and, if so, exercise jurisdiction.  The text of subpart (2)(A) refutes this argument: it is a grant of *original* jurisdiction in federal district court and does not expand *removal* jurisdiction.

The FDIC urges us to adopt the Fifth Circuit's approach in *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416 (5th Cir. 2002).  There, the court considered whether the FDIC's attempted intervention in federal district court empowered that court to maintain jurisdiction over an action improperly removed by the defendant bank.  *Id.* at 419–20.  No claims were asserted against the FDIC, but the Corporation wanted to intervene to advocate for a particular interpretation of a statute relevant to the outcome of the suit. *Id.* at 424.  Although the grounds for the defendant's removal were indisputably unsound, the Fifth Circuit evaluated the merits of the FDIC's intervention under Federal Rule of Civil Procedure 24 and decided that "the remand order was wrong because the FDIC was entitled to intervene in the case, conferring instant federal subject matter jurisdiction under the broad rubric of 12 U.S.C. § 1819(b)(2)(A)."  *Id.* at 420; *see also id.* at 421 n.4 (reasoning that "[a] district court has no

discretionary authority to remand a case over which it has subject matter jurisdiction") (internal quotation marks and citation omitted).

We decline to embrace *Heaton*. To begin, its analysis is in tension with the established proposition that federal jurisdiction is determined at the time of removal, not after a case has been removed. *See, e.g.*, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) (holding that jurisdiction must be analyzed "at the time of removal, as that is when the case first appears in federal court"); *Local Union 598 v. J.A. Jones Construction Co.*, 846 F.2d 1213, 1215 (9th Cir. 1988), *aff'd*, 488 U.S. 881 (1988) (recognizing that "removability is generally determined as of the time of the petition for removal," and noting exceptions not relevant here, such as when a "case has been tried on the merits and the federal court would have had original jurisdiction had the case been filed in federal court in the posture it had at the time of the entry of final judgment"). Although the FDIC in *Heaton* moved to intervene "immediately" after the defendant removed the action, *Heaton*, 297 F.3d at 420, its attempted intervention was ancillary and subsequent to the notice of removal. Embracing the *Heaton* rationale risks sanctioning improper removals, as the decision sidestepped the critical fact that the federal claim forming the asserted basis for the defendant's notice of removal had been dismissed, albeit without the defendant's knowledge, by the time of the notice. *Id.*[4]

---

[4] *Heaton* relied on *FDIC v. Loyd* to explain the "jurisdictional significance of the motion to intervene," and appears to endorse the proposition that a mere attempt by the FDIC to intervene, regardless of the merits of the intervention motion, is enough to confer party status to support the FDIC's own removal of a case. *Heaton*, 297 F.3d at 421. As

Under the *Heaton* approach, there is nothing to stop the FDIC from, for instance, filing a notice of removal beyond the clear 90-day time limitation specified in subpart (2)(B) and then arguing that remand is nonetheless precluded because the federal court has original jurisdiction under subpart (2)(A).  Accepting this argument would read the requirements of the removal provision out of § 1819 entirely. We agree with the Sixth Circuit: "*Heaton* errs by putting the intervention cart before the jurisdiction horse."  *Village of Oakwood*, 481 F.3d at 369.

In sum, Congress granted the FDIC far broader access to the federal courts than is available to ordinary litigants, but that access is not unlimited.  Whether the FDIC's access should be broader is a question for Congress, not the court. As drafted, 12 U.S.C. § 1819(b)(2)(B) does not authorize removal by the FDIC where it is not a party to the state court action and its role in the litigation is limited to a prospective, would-be intervenor.[5]

**AFFIRMED.**

---

noted above, *Loyd* addressed a motion for substitution as receiver for a defendant bank, and its reasoning does not extend to intervention for other purposes.

[5] At oral argument, the FDIC raised for the first time the proposition that, were the court to consider removal improper under § 1819, the court could conclude that the general removal provisions, 28 U.S.C. § 1441 *et seq.*, authorized the removal.  We ordinarily decline to consider arguments not raised in an appellant's opening brief.  *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997). Regardless, the general removal provision does not save the FDIC here. It authorizes defendants to remove under certain circumstances, but the FDIC never was a defendant in the state action.