In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3638

MARK JANUS and BRIAN TRYGG,

*Plaintiffs-Appellants*,

*v.*

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL
EMPLOYEES, COUNCIL 31, *et al.*,

*Defendants-Appellees*,

and

LISA MADIGAN, Attorney General of the State of Illinois,

*Intervening Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 1235 — **Robert W. Gettleman**, *Judge*.

ARGUED MARCH 1, 2017 — DECIDED MARCH 21, 2017

Before POSNER, SYKES, and HAMILTON, *Circuit Judges*.

POSNER, *Circuit Judge*. In *Abood v. Detroit Board of Educa-
tion*, 431 U.S. 209 (1977), the Supreme Court upheld, against
a challenge based on the First Amendment, a Michigan law

that allowed a public employer (in that case a municipal board of education), whose employees (public-school teachers) were represented by a union, to require those of its employees who did not join the union nevertheless to pay fees to it because they benefited from the union's collective bargaining agreement with the employer. The fees could only be great enough to cover the cost of the union's activities that benefited them; they could not be expanded to enable the union to use a portion of them "for the expression of political views, on behalf of political candidates, or toward the advancement of other ideological causes not germane to [the union's] duties as collective-bargaining representative." 431 U.S. at 235–36. For were that permitted, the workers who disagreed with the political views embraced by the union would be unwilling contributors to expenditures for promoting political views anathema to them, and the law requiring those contributions would thereby have infringed their constitutional right of free speech.

Illinois has a law, similar to the Michigan law, called the Illinois Public Relations Act, 5 ILCS 315 *et seq.*, under which a union representing public employees collects dues from its members, but only "fair share" fees (a proportionate share of the costs of collective bargaining and contract administration) from non-member employees on whose behalf the union also negotiates. See 5 ILCS 315/6. But in 2015 the governor of Illinois filed suit in federal district court to halt the unions' collecting these fees, his ground being that the statute violates the First Amendment by compelling employees who disapprove of the union to contribute money to it.

The district court dismissed the governor's complaint, however, on the ground that he had no standing to sue be-

cause he had nothing to gain from eliminating the compulsory fees, as he is not subject to them. But two public employees—Mark Janus and Brian Trygg—had already moved to intervene in the suit as plaintiffs seeking the overruling of *Abood*. Of course, only the Supreme Court has the power, if it so chooses, to overrule *Abood*. Janus and Trygg acknowledge that they therefore cannot prevail either in the district court or in our court—that their case must travel through both lower courts—district court and court of appeals—before they can seek review by the Supreme Court.

While dismissing the governor's complaint for lack of standing, the district court granted the employees' motion to intervene and declared that the complaint appended to their motion would be a valid substitute for Governor Rauner's dismissed complaint. Technically, of course, there was nothing for Janus and Trygg to intervene in, given the dismissal of the governor's complaint. But to reject intervention by Janus and Trygg on that ground would be a waste of time, for if forbidden to intervene the two of them would simply file their own complaint when Rauner's was dismissed. As there would be no material difference between intervening in Rauner's suit and bringing their own suit in the same court, the efficient approach was, as the district court ruled, to deem Rauner's suit superseded by a motion to intervene that was the equivalent of the filing of a new suit. See *Village of Oakwood v. State Bank & Trust Co.*, 481 F.3d 364, 367 (6th Cir. 2007).

But we need to distinguish between the two plaintiffs, Janus and Trygg, because while Janus has never before challenged the requirement that he pay the union "fair share" fees, Trygg has. First before the Illinois Labor Relations

Board and then before the Illinois Appellate Court, Trygg complained that the union bargaining on his behalf (the Teamsters Local No. 916, one of the defendants in this case) was ignoring a provision of the Illinois law that allows a person who has religious objections to paying a fee to a union to instead pay the fee to a charity. 5 ILCS 315-6(g). The Illinois court agreed, and on remand to the Board Trygg obtained the relief he sought: instead of paying the fair-share fee to the union, he could pay the same amount to a charity of his choice. The defendants (the unions that bargain on behalf of Janus and Trygg, respectively—AFSCME for Janus, the Teamsters for Trygg—the Director of the Illinois Department of Central Management Services, which is the state agency that has collective bargaining agreements with both unions; and the Attorney General of Illinois intervening on the side of the defendants) argue that Trygg's claim in the present suit is precluded by his earlier litigation.

Claim preclusion is designed to prevent multiple lawsuits between the same parties where the facts and issues are the same in all of the suits, and 28 U.S.C. § 1738 requires federal courts to give the same preclusive effect to a state court judgment that it would be given by the courts of the state in question. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982). Trygg's First Amendment claim and his earlier Illinois statutory claim arise from the same fact: the existence of an Illinois law requiring that he pay fees to the Teamsters, the union required to bargain on his behalf. But the parties disagree as to whether Trygg could have raised his First Amendment claim in the earlier litigation. It's true that the Illinois Labor Relations Board could not have entertained a constitutional challenge to the statute, but Trygg could have included the claim in his appeal from the Board's decision to

the court, because it presented an issue relevant to the legality of the Board's action. See *Reich v. City of Freeport*, 527 F.2d 666, 671–72 (7th Cir. 1975). He did not do so; and because he had a "full and fair opportunity" to do so, he is precluded by Illinois law from litigating the claim in the present suit. See *Abner v. Illinois Department of Transportation*, 674 F.3d 716, 719 (7th Cir. 2012). He missed his chance.

Janus's claim was also properly dismissed, though on a different ground: that he failed to state a valid claim because, as we said earlier, neither the district court nor this court can overrule *Abood*, and it is *Abood* that stands in the way of his claim.

The judgment of the district court dismissing the complaint is therefore

AFFIRMED.