# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 04-3365

DONALD BUCZKOWSKI and
WENDY BUCZKOWSKI,

*Plaintiffs-Appellees*,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,
as receiver for Superior Bank, F.S.B.,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 04 C 968—**David H. Coar**, *Judge*.

———————

ARGUED MAY 5, 2005—DECIDED JULY 5, 2005

———————

Before BAUER, EASTERBROOK, and MANION, *Circuit Judges.*

EASTERBROOK, *Circuit Judge*.  An automobile accident led to tort litigation in the Circuit Court of Cook County, Illinois, against Elaine Oliva plus her employer Superior Bank, said to be vicariously liable on a theory of *respondeat superior*. Superior's insurer assumed the defense. Counsel did not keep in touch with his nominal client, because when the Bank was dissolved in July 2001, and the Federal

Deposit Insurance Corporation became receiver of its assets and liabilities, no one noticed. In November 2003, however, defense counsel alerted plaintiffs and the court to Superior's non-existence. Counsel also notified the FDIC; that was the first it had heard of the suit. When the state judge said in January 2004 that he would hold a trial with "Superior Bank" as a defendant notwithstanding these developments, the FDIC filed a formal petition to intervene in the Bank's stead, a motion to dismiss, and a notice of removal to federal court.

Legislation enacted in 1989 and amended late in 1991 creates special removal rules for litigation involving failed banks. With some immaterial exceptions, all suits against the FDIC in any of its capacities "shall be deemed to arise under the laws of the United States" (12 U.S.C. §1819(b)(2)(A)) and hence may be removed under 28 U.S.C. §1441(b). Although most litigants must remove within 30 days from service or a new event making the suit removable, see 28 U.S.C. §1446(b), the FDIC has 90 days "beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party." 12 U.S.C. §1819(b)(2)(B). The FDIC contends that this 90-day period did not begin until February 5, 2004, when it formally intervened in the state suit. The federal district judge, however, concluded that the 90 days began to run in 2001. Its appointment as receiver automatically replaced the Bank with the FDIC in litigation, the judge wrote. 2004 U.S. Dist. LEXIS 13297 (N.D. Ill. July 14, 2004). The FDIC has appealed from the remand order. Its authority to do so, granted by 12 U.S.C. §1819(b)(2)(C), is yet another difference from normal removal practice, where 28 U.S.C. §1447(d) forbids most appeals.

The district judge thought that he had to choose between conflicting lines of precedent: some courts of appeals hold that the FDIC's clock starts immediately on its appointment, while others hold that the time does not start until

formal substitution as a party in court. Compare *Woburn Five Cents Savings Bank v. Hicks*, 930 F.2d 965, 968-71 (1st Cir. 1991) (FDIC becomes a party and may remove on its appointment as a receiver), and *Lazuka v. FDIC*, 931 F.2d 1530, 1537 (11th Cir. 1991) (same), with *FDIC v. Loyd*, 955 F.2d 316, 327 (5th Cir. 1992) (FDIC may wait until formal substitution), and *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1147-48 (5th Cir. 1992) (same). The judge favored the former rule because it prevents the FDIC from lurking in the background and removing only if things appear to be going badly in state court. Removal should come as soon as practicable, the judge believed, and no litigant should have an option to consider rulings on the merits before deciding which judicial system will handle the litigation. That is indeed the normal rule, reflected in §1446(b), but given §1819(b)(2)(B) the FDIC need not play by the normal rules.

There is no need to choose sides in a conflict, because there is no conflict—not, at least, at the appellate level. *Woburn* and *Lazuka* were decided in 1991, before the amendment that gave §1819(b) its current text. They considered the FDIC's removal rights and obligations under §1446, a statute of general application. *Loyd* and *Diaz*, by contrast, were decided in 1992 and apply §1819(b)(2)(B). No appellate court has held that the amended version of §1819(b)(2)(B) starts the clock with the FDIC's appointment as a receiver. The eleventh circuit has held that the amended §1819(b)(2)(B) abrogates *Lazuka* by giving the FDIC 90 days after formal substitution to remove the case. See *FDIC v. S&I 85-1, Ltd.*, 22 F.3d 1070, 1073-74 (11th Cir. 1994). The first circuit has not explicitly overruled *Woburn*, but *FDIC v. Keating*, 12 F.3d 314 (1st Cir. 1993), applies the amended §1819(b)(2)(B) to allow a removal long after the FDIC's appointment as a receiver; likely the first circuit thought *Woburn* irrelevant, because it dealt with a statute that no longer supplies the governing rule.

Section 1819(b)(2)(B) starts the clock when "the Corporation is substituted as a party." Substitution "as a

party" must mean "as a party to the litigation". Reading this language to mean "substituted as the failed bank's receiver" would turn the word "party" into mush. The FDIC may be a bank's receiver or insurer or regulator (its three statutory capacities) but is not a "party" to anything in particular in any of these capacities. It becomes a "party" only in court. "Substituted as a party" and "appointed as a receiver" are too different to equate. Federal practice requires notice and motion for all substitutions other than the identity of an officeholder in official-capacity suits. See Fed. R. Civ. P. 25. Section 1819(b)(2)(B) should be understood against that background, so that substitution as a party requires a specific filing in court. (Illinois follows the same approach to substitution. 735 ILCS 5/2-1008. We refer to federal practice, however, because it supplies the background for §1819(b)(2)(B), a statute that means the same in every state.)

The Resolution Trust Corporation, which like the FDIC can step into the shoes of failed banks, operates under a removal statute identical to §1819(b)(2)(B). See 12 U.S.C. §1441a(*l*)(3)(A)(i). Another subsection spells out what it means for the RTC to be "substituted as a party": this occurs "upon the filing [in court] of a copy of the order appointing the [RTC] as conservator or receiver for that party or the filing of such other pleading informing the court that the [RTC] has been appointed conservator or receiver for such party." 12 U.S.C. §1441a(*l*)(3)(B). The FDIC wants us to apply this definition to its own removal statute despite its absence from §1819. Perhaps that is sensible; §1819 was amended in a "technical corrections" bill one week after Congress enacted the RTC's statute, and the amending provision's caption is "FDIC Removal Period Made Consistent With RTC Removal Period." 105 Stat. 2286. As amended, §1819(b)(2)(B) is identical to §1441a(*l*)(3)(A)(i), and reading these texts differently just because §1819 lacks some elaboration that appears in §1441a would double-

cross the legislature unless there is a reason to think that the two statutes serve different ends. This is not to say that the definition in §1441a(*l*)(3)(B) "applies" to §1819(b)(2)(B); these laws do not cross-reference each other. Our point, rather, is that the events that gave §1819(b)(2)(B) its current form confirm the statute's most natural reading.

Reading §1819(b)(2)(B) to mean what it says does not leave plaintiffs and state judges at the mercy of a potentially manipulative FDIC. Any litigant, or the court on its own motion, can substitute the FDIC for the failed bank as a party. That would open the 90-day window for removal. See *Diaz*, 975 F.2d at 1148 n.3; *Loyd*, 955 F.2d at 328. Plaintiffs who fail to notice that a defendant has vanished in a puff of smoke are poorly situated to complain when a successor removes the suit—and the FDIC may need the privilege of delayed removal when events of the kind illustrated here keep the agency in the dark for years.

The FDIC's notice of removal was timely under §1819(b)(2)(B). The judgment of the district court therefore is vacated, and the case is remanded with instructions to adjudicate this suit on the merits.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*