[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12784

_____

D.C. Docket No. 4:10-cv-00297-BAE-GRS

NORTH SAVANNAH PROPERTIES, LLC, et al.,

Plaintiffs - Appellees.

versus

FEDERAL DEPOSIT INSURANCE CORPORATION,
Receiver of the business and property of Darby Bank &
Trust Co.,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 12, 2012)

Before CARNES, MARTIN and JORDAN, Circuit Judges.

JORDAN, Circuit Judge:

The Federal Deposit Insurance Corporation, as receiver for Darby Bank & Trust Co., appeals an order of the district court remanding the action to state court. The district court determined that it did not have subject-matter jurisdiction because the FDIC had not been formally substituted as a party in the state court action prior to removal. After review, and with the benefit of oral argument, we vacate the district court's remand order. We hold that, as a matter of federal law, the FDIC is "substituted as a party" in a state court proceeding under 12 U.S.C. § 1819(b)(2)(B) once it is appointed receiver *and* files a notice of substitution, and may at that point remove the action to federal court.

## I

In October of 2010, North Savannah Properties, LLC and two of its members filed suit against Darby in Georgia state court. The complaint asserted only state law claims against Darby and sought equitable relief, damages, and attorney's fees. While the litigation was pending, the Georgia Department of Banking and Finance closed Darby and appointed the FDIC as receiver. On November 12, 2010, the FDIC accepted its appointment pursuant to 12 U.S.C. § 1821(c)(3)(A), and a Georgia court entered a consent order appointing the FDIC as receiver.

The FDIC filed a notice of its appointment as Darby's receiver in the North Savannah action on December 10, 2010, and filed a notice of substitution for Darby

2

on December 21, 2010. The day after filing its notice of substitution, the FDIC removed the case to federal district court pursuant to 28 U.S.C. § 1441 and 12 U.S.C. § 1819(b)(2)(A)–(B).   The FDIC indicated in its notice of removal that it had filed a notice of substitution in the state court, but did not provide the district court with a copy of the notice of substitution.[1]

The plaintiffs filed a motion to remand based on 12 U.S.C. § 1819(b)(2)(D), arguing that the action could not be removed because it involved only pre-closing claims based on state law. The plaintiffs also later asserted that the district court

---

[1] The FDIC failed to include a copy of the notice of substitution in its removal papers.  The FDIC has, however, attached a file-stamped copy of the notice to its reply brief on appeal, and the plaintiffs do not dispute that the notice was filed in state court.  Although we cannot fathom why the FDIC did not provide the district court with a copy, we are confident that we can consider the notice of substitution.  First, the FDIC referred to the notice of substitution in its notice of removal. Second, we can take judicial notice of the documents that were filed in the state court proceeding. *See Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984).  Third, given the language of 28 U.S.C. § 1446(a) (providing that a removing party shall file "cop[ies] of all process, pleadings, and orders served upon such defendant or defendants"), a removing party need not submit copies of papers that it has filed in state court.  *See Cook v. Randolph County*, 573 F.3d 1143, 1150 (11th Cir. 2009) ("[T]he defendants were not required to file all of the pleadings from the state court proceeding, only those that were served on them."); *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985) ("Because the [defendant's] motion [to dismiss] was not 'served upon him,' there was no requirement that the defendant file it with the district court.").  Fourth, even if the FDIC was required to file the notice of substitution with the district court, we have held that an omission like the one here is "merely modal and formal and [is] completely without effect upon . . . removal, if the case is in its nature removable. . . .  [A]ll papers filed and proceedings . . . in the state court prior to . . . removal . . . are properly a part of the record coming to this court [and] if any of them are lacking from the original removal record, they may be later supplied." *Covington v. Indemnity Ins. Co.*, 251 F.2d 930, 933 (5th Cir. 1958) (citation and internal quotation marks omitted).  *See also Cook*, 573 F.3d at 1150 (failure of removing party to include all state court process and pleadings with its notice of removal, though "procedurally incorrect," is not a "jurisdictional defect").

3

lacked subject-matter jurisdiction because the FDIC had not been formally substituted as a party for Darby in the state court action prior to removal.

The district court granted the plaintiffs' motion to remand. *See North Savannah Properties, LLC v. Darby Bank & Trust Co.*, 2011 WL 1806989 (S.D. Ga. May 11, 2011). The district court determined that the FDIC had not been substituted as a party in the state action because the FDIC had not filed a motion for substitution, and, even if it had done so, the state court had not entered an order substituting the FDIC as a party, as would have been required under Federal Rule of Civil Procedure 25(c). Because the FDIC's party status was the only basis for federal jurisdiction, the district court concluded that it did not have subject-matter jurisdiction. *See id.* at *2–*3. The district court did not address whether remand was appropriate under the exemption to FDIC removal for actions involving only pre-closing claims based on state law. The FDIC appealed.

## II

We have jurisdiction to hear this appeal pursuant to 12 U.S.C. § 1819(b)(2)(C), which provides that "[t]he [FDIC] may appeal any order of remand entered by any United States district court." *See Buczkowski v. FDIC*, 415 F.3d 594, 595 (7th Cir. 2005) ("[The FDIC's] authority to [appeal a remand order], granted by 12 U.S.C. § 1819(b)(2)(C), is yet another difference from normal removal practice, where 28

4

U.S.C. § 1447(d) forbids most appeals."); *FDIC v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1072 (11th Cir. 1994) (noting that § 1819(b)(2)(C) is an exception to the general rule barring appeals of remand orders). Whether the district court had subject-matter jurisdiction following the FDIC's removal is a question over which we exercise plenary review. *See Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 (11th Cir. 2001).

## A

Federal-question jurisdiction generally exists whenever the FDIC is a party to litigation. *See* 12 U.S.C. § 1819(b)(2)(A) ("[A]ll suits . . . to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States."). The FDIC has the statutory right to remove to federal court certain state court actions within the "90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation *or the Corporation is substituted as a party*," 12 U.S.C. § 1819(b)(2)(B) (emphasis added), and this right of removal exists "irrespective of [the FDIC's] alignment as plaintiff or defendant." *S & I 85-1*, 22 F.3d at 1073. The critical question for us in this appeal is the meaning of the phrase "substituted as a party" in § 1819(b)(2)(B).

The FDIC first asks us to incorporate the definition of the same phrase found in a now-repealed Resolution Trust Corporation statute. *See* 12 U.S.C. §

5

1441a(*l*)(3)(C) (repealed).  For the reasons that follow, we decline the FDIC's invitation to engage in this type of statutory borrowing.

The RTC, established in 1989, was  "responsible for reducing the cost of the savings and loan crisis to the government." *Centex Corp. v. United States*, 395 F.3d 1283, 1302 (Fed. Cir. 2005).  Like the FDIC, the RTC could be appointed as receiver for failed financial institutions, and, when it was involved in litigation as a party, had a similar right to remove state court actions to federal court.  And, like the FDIC, the RTC's right to remove was triggered in relevant part by its substitution as a party in the state court action.  *See RTC v. Fragetti*, 49 F.3d 715, 717–18 (11th Cir. 1995) (citing 12 U.S.C. § 1441a(*l*)(3)(A)(i) (repealed)).  In 1991, Congress amended § 1441a to define the phrase "substituted as a party" insofar as the RTC was concerned. Pursuant to this amendment, the RTC was deemed substituted as a party "upon the filing of a copy of the order appointing the [RTC] as conservator or receiver for that party, or the filing of such other pleading informing the court that the [RTC] has been appointed conservator or receiver for such party." 12 U.S.C. § 1441a(*l*)(3)(B) (repealed).

Although it would certainly be easy to use the definition set forth in the former § 1441a(*l*)(3)(B), there are good reasons not to do so.  First, § 1441(a)(*l*)(3)(B) was repealed in 2010, *see* Dodd–Frank Wall Street Reform and Consumer Protection Act,

6

Pub. L. No. 111–203, 124 Stat. 1555 (2010), and we know of no authority that permits (much less encourages) defining an existing statutory term or phrase by reference to a definition in a separate statute that is no longer on the books.[2]  Second, there is the messy fact that Congress did not define the phrase "substituted as a party" for the FDIC as it had for the RTC.   Because we do not  know whether Congress' failure to provide a parallel definition of the phrase for the FDIC was intentional, or just simply an oversight, this is one of those cases where the "views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one." *Russello v. United States*, 464 U.S. 16, 26 (1983) (citations and internal quotation marks omitted).  In sum, although applying the former § 1441a(*l*)(3)(B)'s definition of the phrase "substituted as a party" to § 1819(b)(2)(B) would make things more simple, there is no persuasive legal basis to opt for simplicity here.

The FDIC next argues that, even without statutory borrowing, it was entitled to remove the North Savannah action to federal court once it was appointed receiver for Darby and filed a copy of the appointment order with the state court.  We reject this argument because it is contrary to the text of § 1819(b)(2)(B) and inconsistent

---

[2] When the Seventh Circuit considered the FDIC's identical argument in 2005, Congress had not yet repealed § 1441(a)(*l*)(3)(B).  Even so, the Seventh Circuit declined to hold that "the definition in § 1441(a)(*l*)(3)(B) 'applie[d]' to § 1819(b)(2)(B)" because the two statutes "d[id] not cross-reference each other." *Buczkowski*, 415 F.3d at 597.

7

with our precedent.  We concur with the Seventh Circuit's observation that the language of § 1819(b)(2)(B) cannot bear the weight of the FDIC's interpretation. Simply stated, "[the FDIC] becomes a 'party' only in court[,]" and the phrases "'[s]ubstituted as a party' and 'appointed as a receiver' are too different to equate." *Buczkowski*, 415 F.3d at 596. And we have previously said that the phrase "substituted as a party" does not mean "the date [the] FDIC is appointed receiver." *S & I 85-1*, 22 F.3d at 1074.

**B**

Rule 25(c) of the Federal Rules of Civil Procedure, which governs the substitution of parties upon a transfer of interest, provides as follows:

> If an interest is transferred, the action may be continued by or against the original party, unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.  The motion must be served as provided in Rule 25(a)(3).

Because state procedural law "cannot control the privilege of removal granted by [a] federal statute," *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954), the district court properly looked to Rule 25(c) for guidance as to the meaning of the phrase "substituted as a party" in § 1819(b)(2)(B).  And because being appointed as receiver is not the same thing as being substituted as a party, the district court correctly required the FDIC to take some affirmative action beyond its appointment

8

as receiver (such as filing a notice of substitution) in order to be "substituted as a party." *See Buczkowski*, 415 F.3d at 596 ("substitution as a party requires a specific filing in court"). The district court, however, went too far in demanding that the state court grant a motion for substitution in order that the FDIC be "substituted as a party" for purposes of § 1819(b)(2)(B).

The FDIC's appointment as receiver for a failed institution is not an ordinary transfer of interest. Congress has decreed that, when it accepts appointment as receiver, the FDIC succeeds "*by operation of law*" to all of the failed institution's "rights, titles, powers, and privileges[.]" 12 U.S.C. § 1821(d)(2)(A)(i) (emphasis added). Thus, "[w]hen the FDIC is appointed as receiver, it steps into the shoes of the failed institution and takes possession of both the assets and the liabilities." *Vernon v. FDIC*, 981 F.2d 1230, 1234 (11th Cir. 1993). Because the failed institution "cease[s] to exist," *McAninch v. Wintermute*, 491 F.3d 759, 767 (8th Cir. 2007), and "vanishe[s] in a puff of smoke," *Buczkowski*, 415 F.3d at 597, the FDIC necessarily becomes a party to an action when it files a notice of substitution, and as a matter of federal law a state court does not have any discretion to deny substitution of the FDIC for a failed institution which no longer has a separate existence. Otherwise, there would be no party remaining on one side of the action. *See generally Estate of Harding v. Bell*, 817 F.Supp. 1186, 1193 (D.N.J. 1993) ("The FDIC has succeeded

9

to all rights, titles, powers, and privileges of Howard. Because of this, Howard is aptly characterized as a legal fiction without assets or liabilities. Under these circumstances, the court will grant the FDIC's motion for substitution.") (citation omitted).

As we see it, by virtue of § 1821(d)(2)(A)(i) the FDIC is automatically substituted for the failed institution as a matter of federal law the moment that it files a notice of substitution in court, and the 90-day removal period set forth in § 1819(b)(2)(B) begins to run from the filing of that notice. *See* 2 SHORTER OXFORD ENGLISH DICTIONARY 3091 (5th ed. 2002) (defining "substitute" as to "put (a person or thing) in place of another"). This bright-line rule is consistent with the few circuit court decisions on the issue, which decline to require a state court order allowing substitution or intervention as a prerequisite to FDIC removal. *See Buczkowski*, 415 F.3d at 595–97 (holding that the FDIC, as receiver, was "substituted as a party" in state court when it filed a petition to intervene);[3] *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 426 (5th Cir. 2002) ("[T]he FDIC became a 'party,' for purposes of § 1819(b)(2)(A), as soon as it filed its motion to intervene."). It also

---

[3] To the extent that the Seventh Circuit's opinion in *Buczkowski* is not clear about whether the state court had granted the FDIC's petition to intervene prior to removal, the district court's order explains that the FDIC removed the action prior to a ruling on its petition. *See Buczkowski v. Oliva,* 2004 WL 1595231, at *2 (N.D. Ill. July 15, 2004).

10

furthers an important federal interest.  Congress has "used very strong language to afford the FDIC every possibility of having a federal forum," *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 783 (11th Cir. 2005) (internal quotation marks omitted), and from a practical perspective it makes little sense to make removal dependent on the different approaches that states might take with respect to substitution. *Cf. Clearfield Trust Co. v. United States*, 318 U.S. 363, 367 (1943) (choosing to apply federal common law rule, with respect to the effect of delay in providing notice of forged indorsement, in case involving "issuance of commercial paper by the United States" because the  "application of state law, even without the conflict of laws rules of the forum, would subject the rights and duties of the United States to exceptional uncertainty").[4]  Furthermore, the purpose of § 1819(b)(2)(B) – allowing the FDIC to choose a federal forum – would be frustrated if a state court could prevent removal by denying substitution. *See generally Milner v. Dep't of the Navy*, 131 S.Ct. 1259, 1265–66 (2011) (considering statute's purpose to reinforce interpretation of statutory text).

---

[4] We recognize that Florida, Georgia, and Alabama currently have discretionary substitution provisions similar to Rule 25(c). *See* FLA. R. CIV. P. 1.260(c); GA. CODE § 99-11-25(c); ALA. R. CIV. P. 25(c).  But nothing prevents these states from changing their provisions in the future or interpreting them in different ways, and the FDIC's removal rights should not be subject to the vagaries of state laws.

11

Here the FDIC accepted appointment as Darby's receiver on December 10, 2010, and was "substituted as a party" in the North Savannah action on December 21, 2010, when it filed its notice of substitution. Thus, when the FDIC removed the case to federal court on December 22, 2010, federal-question jurisdiction existed pursuant to § 1819(b)(2)(A), and remand was improper.

## C

As noted earlier, the plaintiffs also moved to remand the case to state court pursuant to 12 U.S.C. § 1819(b)(2)(D), which exempts from FDIC removal those cases where the litigation involves only the pre-closing rights of the plaintiffs based on state law claims. The district court did not address whether this exemption applied, and we believe the best course of action is to allow it to decide this separate ground for remand in the first instance.

## III

The district court's remand order is **VACATED**.