[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  11-13805
Non-Argument Calendar

_____

D.C. Docket No. 7:11-cv-00044-HL

JAY GREGORY BRANCH, SR.,
TERRI ROBERTS BRANCH,

Plaintiffs-Appellees,

versus

FEDERAL DEPOSIT INSURANCE CORPORATION,
as receiver for Tifton Banking Company,

Defendant-Appellant.

_____

No.  11-13806
Non-Argument Calendar

_____

D.C. Docket No. 7:11-cv-00045-HL

TIMOTHY V. BRANCH,

Plaintiff-Appellee,

versus

FEDERAL DEPOSIT INSURANCE CORPORATION,
as receiver for Tifton Banking Company,

                                        Interested Party-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(July 25, 2012)

Before JORDAN and FAY,  Circuit Judges, and EDENFIELD,[*] District Judge.

PER CURIAM:

On November 12, 2010, the Georgia Department of Banking and Finance closed Tifton Banking Company and appointed the FDIC as receiver of the bank. Two months after Tifton closed, on January 13, 2011, the plaintiffs filed suit against Tifton in Georgia state court.  On March 28, 2011, the FDIC filed a motion to substitute itself as a party for Tifton in the state court action.  The FDIC attached to its motion copies of the documents appointing it as Tifton's receiver. Before the state court could rule on the motion, the FDIC filed a notice of removal in the United

_____

[*] Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, sitting by designation.

States District Court for the Middle District of Georgia.

The plaintiffs filed a motion to remand the case to state court, arguing that the district court lacked subject-matter jurisdiction over the case because the state court had not entered an order substituting the FDIC as a party. The district court granted the plaintiffs' motion. It determined that since the FDIC had not been substituted in the manner required by Federal Rule of Civil Procedure 25(c), it was not a party for the purposes of 12 U.S.C. § 1819(b)(2)(B), the FDIC removal provision. The FDIC appeals the district court's remand order.

We recently addressed the issues raised in this appeal in *FDIC v. North Savannah Properties, LLC*, — F.3d—, 2012 WL 2849488 (11th Cir. July 12, 2012). We held that the FDIC becomes a party for the purposes of removal under 12 U.S.C. § 1819(b)(2)(B) once it is appointed receiver and files a notice of substitution; the state court does have to enter an order of substitution for subject-matter jurisdiction to exist. In light of our decision in *North Savannah Properties*, we vacate the district court's remand order. And because we conclude that the district court had subject-matter jurisdiction over this case, we also vacate the district court's order vacating its prior order of substitution of the FDIC.

**VACATED.**

3