[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15146
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-01354-RLV


BRIAN JAMES ALBERT,

Plaintiff-Appellant,

versus

AMERIS BANK, etc., et al.,

Defendants,

FEDERAL DEPOSIT INSURANCE CORPORATION -
CORPORATE,
BRYAN BELL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 29, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Brian James Albert appeals pro se from the district court's denial of his fourth Federal Rule of Civil Procedure 60(b) motion to reopen his lawsuit against the Federal Deposit Insurance Corporation ("FDIC"), after having dismissed the lawsuit pursuant to Rule 41(a)(1).  After consideration of the record and the parties' briefs, we affirm.

## I.  BACKGROUND

Albert's fourth Rule 60(b) motion sought to reopen claims that were either settled or dismissed.  Thus, we review in detail the procedural history of this case.

### A.    Initial Pleadings

On September 9, 2010, proceeding pro se, Albert filed an amended complaint (the "complaint") against the following defendants in connection with his employment termination: (1) Ameris Bank, which had purchased Albert's employer, the failed American United Bank ("AUB"); (2) Bryan Bell, the Chief Executive Officer of AUB; and (3) the FDIC.[1]  Albert sued the FDIC in both its corporate capacity and its capacity as receiver for AUB.[2]  The complaint alleged

---

[1]The amended complaint also listed Dale Johnson as a defendant, but Johnson has not participated in the litigation and is not a party to this appeal.

[2]The FDIC in its corporate capacity is an entity distinct from the FDIC in its receivership capacity.  See FDIC v. Harrison, 735 F.2d 408, 412 (11th Cir. 1984) ("FDIC facilitates its

2

that Albert had been employed as a compliance officer at AUB.  During his employment with AUB, Albert discovered that AUB had engaged in financial wrongdoing.  He reported this conduct to the FDIC, leading to an investigation of AUB.  Allegedly, the FDIC improperly leaked Albert's identity as the whistleblower to AUB.  As a result of the leak, Bell terminated Albert after AUB's takeover by defendant Ameris Bank.  Based on these facts, Albert's complaint asserted a federal claim against all defendants for whistleblower retaliation under 12 U.S.C. § 1831j, as well as state law claims for slander, libel, and intentional infliction of emotional distress.

On September 30, 2010, before any responsive pleadings were filed in the case, the defendant FDIC moved to dismiss the complaint on various grounds, including lack of subject matter jurisdiction.  The FDIC filed the motion to dismiss both in its corporate and receivership capacities, but the motion was signed by attorney Robert Waddell, Jr., whose signature line identified him as an "Attorney[] for Federal Deposit Insurance Corporation, as Receiver of [AUB]."  (emphasis added).

---

purpose by serving in two distinct capacities: as an insurer of deposits of member banks and as a receiver for insured banks that have failed."); see also Trigo v. FDIC, 847 F.2d 1499, 1501 (11th Cir. 1988) ("[T]he FDIC then split itself into two entities: the FDIC as receiver and the FDIC in its corporate capacity . . . .").  When the FDIC is appointed as a receiver for a failed institution, such as AUB, "it steps into the shoes of the failed institution and takes possession of both the assets and the liabilities." F.D.I.C. v. N. Savannah Props., LLC, 686 F.3d 1254, 1259 (11th Cir. 2012) (internal quotation marks omitted).

3

In all other filings relevant to this appeal, Waddell's signature line identified him as an attorney for the FDIC in its receivership capacity.

## B.    First Rule 41(a)(1) Dismissal

On October 14, 2010, Albert and the defendant FDIC filed a "Stipulation of Dismissal" under Federal Rule of Civil Procedure 41(a), dismissing Albert's state law claims against the FDIC in its corporate and receivership capacities, and all claims against the FDIC in its corporate capacity. Specifically, the stipulation stated: "Plaintiff, Brian James Albert, pro se, and Federal Deposit Insurance Corporation ('FDIC') as Receiver of [AUB] pursuant to [Rule 41(a)] hereby stipulate to the dismissal" of the state law claims asserted by Albert in his amended complaint against the FDIC in its corporate and receivership capacities. The stipulation also provided that "no claims" remained "against FDIC in its corporate capacity, which has not yet entered an appearance in this matter," but that Albert's 12 U.S.C. § 1831j retaliation claim could proceed against the FDIC in its receivership capacity. Albert and Waddell signed the stipulation.

On November 29, 2010, based on the stipulation, the district court entered a consent order dismissing the FDIC in its corporate capacity "as a party to the suit," but allowing Albert's § 1831j retaliation claim to proceed against the FDIC in its receivership capacity. The consent order specifically stated: "Based on the plaintiff's stipulation of dismissal dated October 14, 2010, there are no claims

4

remaining against [FDIC] in its corporate capacity.  [FDIC] in its corporate capacity is therefore DISMISSED from the suit."  The consent order was signed by both Albert and attorney Waddell.  Neither the consent order nor the October 14 stipulation specified whether the claims against the FDIC were dismissed with or without prejudice.

Shortly after the issuance of the consent order, the FDIC as receiver answered Albert's complaint as to his § 1831j retaliation claim (the only claim remaining against the FDIC in its receivership capacity).  The FDIC in its corporate capacity, having been dismissed from the lawsuit, did not file an answer.  In the following months, Albert continued litigating his claims against the defendants FDIC in its receivership capacity, Ameris Bank, and Bell.  On May 24, 2011, the district court granted summary judgment to Ameris Bank on all of Albert's claims.

On June 7, 2011, Albert filed a "Motion to Add" the FDIC in its corporate capacity and AUB as defendants to the lawsuit.[3]  The district court denied that motion, and Albert never appealed from the denial.

## C.    Second Rule 41(a) Dismissal

---

[3]Albert's motion referred generally to "FDIC," but he presumably sought to add the FDIC in its corporate capacity specifically, given that the FDIC as receiver was already a party to the lawsuit.

Sometime in late July or early August 2011, Albert and the FDIC as receiver reached a settlement agreement, and Albert executed a document titled "Release and Covenant Not to Sue." According to this release document, Albert agreed to release the FDIC in both its corporate and receivership capacities, as well as Ameris Bank and AUB, from any claims related to his lawsuit arising "from the beginning of time to and including the date of this Agreement." In consideration for the release, the FDIC as receiver agreed to "allow . . . Albert's claim [against AUB] in the amount of [$12,000]," and stated that it had "issued to him a Notice of Partial Allowance of Claim in that amount, the receipt and sufficiency of which [Albert] acknowledges." The release was signed by Albert and notarized, but was not signed by any other parties.

On August 3, 2011, Albert, together with the FDIC in both capacities, filed a "Stipulated Notice of Dismissal" pursuant to Rule 41(a)(1)(A)(ii). This stipulation did not mention the settlement agreement, but simply provided that Albert's claims against the FDIC in both its corporate and receivership capacities, "whether asserted in his Complaint or his Amended Complaint[,] are hereby dismissed with prejudice." The stipulation noted that the other defendants in this case, Ameris Bank and Bell, consented to the dismissal. The notice was signed by Albert and attorney Waddell, as well as by attorneys for the consenting parties, Ameris Bank

6

and Bell.  As of this date, given the dismissals, the FDIC in its corporate capacity understandably had not filed an answer or a motion for summary judgment.

In addition to the above stipulation, Albert filed a motion to dismiss defendant Bell from the lawsuit, with prejudice.  On August 30, 2011, the district court granted Albert's motion and dismissed with prejudice all claims against Bell.

## D.    Albert's First Rule 60(b) Motion to Reopen

On December 22, 2011, Albert filed his first motion to reopen the case ("first Rule 60(b) motion").[4]  He alleged that (1) the FDIC as receiver failed to honor the settlement agreement leading to the dismissal of his claims; [5] (2) he did not understand the settlement agreement, given his pro se status; (3) attorney Waddell misrepresented the meaning of the settlement agreement; and (4) Waddell and attorneys for Bell provided false evidence in discovery, intimidated a witness, and engaged in other misconduct throughout the course of litigation.  In addition to this first Rule 60(b) motion to reopen, Albert filed a motion to amend his complaint.

---

[4]Although Albert's first motion to reopen did not reference Rule 60(b), it sought Rule 60(b) relief in substance, and, therefore, we construe it as a Rule 60(b) motion.  See Rice v. Ford Motor Co., 88 F.3d 914, 918 (11th Cir. 1996) (construing a defendant's post-judgment motion as a Rule 60(b) motion, even though the motion "[did] not cite Rule 60(b) or recite any of the specific grounds listed in the rule as a basis for relief," because the motion sought relief available under Rule 60(b) and would have been untimely otherwise).

[5]Albert's accusation of breach apparently stemmed from his belief that the FDIC agreed to give him a check for $12,000, whereas the FDIC asserted that it merely agreed to allow Albert a "claim" for $12,000, meaning that he would be paid only if assets remained after payments to priority creditors.

7

On January 9, 2012, before the district court ruled on Albert's first Rule 60(b) motion, an Assistant U.S. Attorney ("AUSA") filed a notice of appearance, asking to be "listed as counsel of record for Federal Deposit Insurance Corporation." The AUSA then filed a response, on behalf of the FDIC in its corporate capacity, to Albert's motions to reopen and amend the complaint. The FDIC as receiver had filed a separate response to Albert's first Rule 60(b) motion.

On February 1, 2012, the district court denied Albert's first Rule 60(b) motion to reopen, and also denied his motion to file an amended complaint. The district court explained that Albert had failed to provide any factual or legal grounds to support reopening his case, and had previously dismissed with prejudice his claims against the FDIC in both capacities and Bell.

## E.    Albert's Second Rule 60(b) Motion

On April 19, 2012, after the time had expired to appeal the denial of both his first Rule 60(b) motion and his motion to amend the complaint, Albert filed a second motion to reopen ("second Rule 60(b) motion") "based on fraud, misrepresentation, misconduct and new evidence."

The district court denied Albert's second Rule 60(b) on May 7, 2012, stating that Albert again failed to raise any legal or factual basis for reopening his case.

## F.    Albert's Third Rule 60(b) Motion to Reopen

On June 4, 2012, Albert filed a "Motion to Reconsider" the denial of his Rule 60(b) motion, although he did not specify which Rule 60(b) motion. He argued that new evidence, consisting of minutes from a 2009 AUB board meeting, demonstrated that the FDIC in its corporate capacity was the proper defendant, not the FDIC as receiver. Albert explained that he did not discover this evidence previously because it "was buried within the over eight thousand documents that were provided to [him] and was not discovered . . . in time to be brought to the court[']s attention while the case was open." Albert also stated that he prematurely released the FDIC in its corporate capacity from the lawsuit because of his mistaken belief that attorney Waddell represented it.

The district court construed Albert's motion to reconsider as a Rule 60(b) motion ("third Rule 60(b) motion") and denied it on July 18, 2012. The district court reasoned that Albert had settled all of his claims with the FDIC in both capacities, and had "voluntarily dismissed all claims against the FDIC with prejudice based on [the] settlement agreement." The district court also concluded that none of the allegedly new evidence proffered by Albert justified relief under Rule 60(b). In a footnote, the district court stated that, if Albert sought "to enforce a supposed breached settlement agreement, [he] should file an appropriate motion to do so."

## G.    Albert's Fourth Rule 60(b) Motion

9

Albert did not file any motions to enforce his settlement agreement with the FDIC.  Instead, on August 14, 2012, Albert filed a fourth and final motion to reopen his case under Rule 60(b) ("fourth Rule 60(b) motion").  Albert argued that his case should be reopened because (1) new evidence showed that the FDIC in its corporate capacity, not in its receivership capacity, was the proper defendant in this case, and (2) Albert mistakenly believed that the FDIC as receiver also represented the FDIC in its corporate capacity, and this caused him not to file a motion for a default judgment against the FDIC in its corporate capacity.  The alleged new evidence (which had been presented in Albert's third Rule 60(b) motion) consisted of minutes from the August 2009 AUB board meeting.  Albert asked the district court to reopen the case so that he could move for a default judgment against the FDIC in its corporate capacity, and for summary judgment against Bell.

On September 6, 2012, the district court denied Albert's fourth Rule 60(b) motion.  The district court stated that, in light of his settlement agreement with the FDIC, Albert's request to reopen was "frivolous."  The district court further noted that Albert's confusion as to who represented which FDIC entity was irrelevant based on his signed release of the FDIC in its corporate capacity.

On October 1, 2012, Albert filed a notice of appeal, specifying that he was appealing "the order of [the district court] entered September 6, 2012," which denied his fourth Rule 60(b) motion.

## II.    STANDARD OF REVIEW AND RULE 60(b)

We review a district court's order on a Rule 60(b) motion for abuse of discretion.  Willard v. Fairfield S. Co., Inc., 472 F.3d 817, 821 (11th Cir. 2006).  An appeal from a denial of a Rule 60(b) motion "is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review."  Maradiaga v. United States, 679 F.3d 1286, 1291 (11th Cir. 2012) (internal quotation marks omitted).  To obtain relief under Rule 60(b), the "losing party must do more than show that a grant of the [Rule 60(b)] motion might have been warranted; he must demonstrate a justification for relief so compelling that the district court was required to grant the motion."  Id. (internal quotation marks and alterations omitted).

Rule 60(b) names six circumstances in which a party may receive relief from "a final judgment, order, or proceeding," including the following: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void . . . ; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)-(4), (6).  A movant seeking relief under Rule 60(b)(6) must show "that the circumstances are sufficiently extraordinary to warrant relief."  Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006).

11

## III.    DISCUSSION

### A.    Breach of Settlement Agreement

On appeal, Albert argues that the district court should have reopened his case because the FDIC breached the settlement agreement by failing to pay him the agreed-upon sum.  Albert's argument fails.

First, Albert waived the breach-of-settlement issue in the district court because he failed to raise this issue in his final Rule 60(b) motion (or even his third Rule 60(b) motion, for that matter).[6]  See Maradiaga, 679 F.3d at 1293 (stating that "issues not raised in the district court in the first instance are forfeited," and "district courts cannot concoct or resurrect arguments neither made nor advanced by the parties"); see also Ramirez v. Sec'y, U.S. Dep't of Transp., 686 F.3d 1239, 1250 (11th Cir. 2012) ("[B]eing pro se does not, by itself, excuse a failure to raise an argument below.").

Second, in denying his third Rule 60(b) motion, the district court expressly stated that, if Albert sought to enforce the settlement agreement, he should file a motion to that effect.  Yet Albert did not file any such motion and did not allege any breach in his fourth and final Rule 60(b) motion.

---

[6]We review only the denial of Albert's fourth and final Rule 60(b) motion.  See Maradiaga, 679 F.3d at 1291 (stating that an appeal from a denial of a Rule 60(b) motion "is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review" (emphasis added) (internal quotation marks omitted)).

12

Third, although we may review waived or forfeited arguments in "special circumstances," no such circumstances exist here.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1332 (11th Cir. 2004)  (describing five situations in which this Court will hear a newly raised claim).

## B.     Waddell's Authority to Act for FDIC in its Corporate Capacity

Albert's brief on appeal, liberally construed, asserts that the Rule 41(a) dismissals and the consent order were void because Waddell lacked the authority to act on behalf of the FDIC in its corporate capacity.  This argument fails too. Waddell's authority, or alleged lack thereof, to act on behalf of the FDIC in its corporate capacity had no effect on Albert's voluntary dismissal of his claims under Rule 41(a)(1).

Rule 41(a)(1)(A) provides, in pertinent part, that a plaintiff "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A).  "Ordinarily, a Rule 41(a)(1) voluntary dismissal is effective immediately and requires no action by the district court."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999).

Albert dismissed all of his claims against the FDIC in its corporate capacity on October 14, 2010, via a "Stipulation of Dismissal" under Rule 41(a)(1)(A)(ii).

13

This first stipulation clearly provided that "no claims . . . remain pending against FDIC in its corporate capacity." The fact that the FDIC had not yet appeared in the litigation in its corporate capacity did not prevent Albert from dismissing all of his claims against it.

To the extent the October 14 stipulation was in any way ambiguous (which it was not), the district court cleared up any ambiguity in its November 29, 2010 consent order, stating that "there are no claims remaining against [FDIC] in its corporate capacity," and that the FDIC "in its corporate capacity is therefore DISMISSED from the suit."

We recognize that Albert's first dismissal of the FDIC in its corporate capacity was without prejudice, given that neither the October 14 stipulation nor the consent order specified otherwise. See Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice."). But Albert never refiled his lawsuit against the FDIC in its corporate capacity. Instead, on June 7, 2011, Albert moved the district court to add or reinstate the FDIC in its corporate capacity as a defendant. The district court denied Albert's motion, and Albert never appealed that denial.

Given these circumstances, the FDIC in its corporate capacity was no longer a party to the suit at the time Albert settled his remaining claims against the FDIC and signed the second Rule 41(a)(1) stipulation of dismissal on August 3, 2011.

14

Thus, the second stipulation accomplished little with regard to the FDIC in its corporate capacity except to specify that the dismissal was with prejudice.  And attorney Waddell's alleged lack of authority to represent the FDIC in its corporate capacity at the time of the second stipulation was of no consequence.

In light of the foregoing, the district court did not abuse its discretion in denying Albert's fourth Rule 60(b) motion, and we affirm.[7]

**AFFIRMED.**

---

[7]Defendant Bell has filed a response brief in this appeal.  As described above, Albert voluntarily moved to dismiss Bell from the lawsuit, and the district court granted that motion on August 30, 2011.  In his brief on appeal, Albert mentions Bell's name fleetingly, but makes no arguments as to why the district court should have vacated Bell's dismissal order under Rule 60(b).  Thus, Albert has abandoned any issues with regard to Bell.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned.").