[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11774
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-24669-JLK


FLAGLER INVESTMENT MARIETTA, LLC,
CHRIS COOTS,
DIDIER CHOUKROUN,

                                          Plaintiffs - Appellees,

versus

MULTIBANK 2009-1 CRE VENTURE, LLC,

                                          Defendant,

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Integrity Bank,

                                          Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 8, 2015)

Before HULL, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

The Federal Deposit Insurance Corporation, as receiver for Integrity Bank, appeals an order of the district court remanding this action to state court. The district court, relying on our decision in *FDIC v. North Savannah Prop., LLC*, 686 F.3d 1254 (11th Cir. 2012), ruled that the FDIC's motion to remove was untimely because it came more than 90 days after the FDIC filed its motion to intervene in the state court action. The FDIC argues that *North Savannah* is inapposite because, unlike the situation in that case, here the FDIC was not substituting itself for a failed bank. Instead, it sought to intervene because it retained the liabilities related to a loan it sold to Multibank, the defendant in the state court action. The FDIC asserts that, under 12 U.S.C. § 1819(b)(2)(B), it had 90 days from November 10, 2014—the date the state court granted its motion to intervene—to remove the action.

We agree with the FDIC, and therefore reverse the district court's remand order.

**I**

In March of 2007, Flagler Investment Marietta, LLC, obtained a commercial real estate construction loan from Integrity Bank in the amount of $5.8 million. The loan was to be used to purchase property on Marietta Street in Atlanta,

Georgia. In August of 2008, the Georgia Department of Banking and Finance closed Integrity Bank and appointed the FDIC as receiver. In this capacity, the FDIC succeeded to "all rights, titles, powers, and privileges" of Integrity Bank by operation of federal law. *See* 12 U.S.C § 1821(d)(2)(A).

In January of 2010, the FDIC sold the Flagler loan to Multibank. Under the terms of the agreement, the FDIC retained all liabilities pertaining to the loan.

On August 24, 2010, Flagler and two individuals filed suit against Multibank in a Florida circuit court. The complaint alleged that Integrity Bank had breached the terms of the loan agreement by failing to fund the amounts agreed to for tenant improvements. On August 15, 2014, the FDIC filed a motion to intervene on the ground that it had retained the liabilities that formed the basis of Flagler's complaint. The state court granted the FDIC's motion on November 10, 2014, and the FDIC removed the case to federal court on December 10, 2014.

This appeal follows the district court's February 9, 2015, order of remand. The district court ruled that the FDIC's motion to remove was untimely. *See* D.E. at 12. The district court recognized that in this case, unlike in *North Savannah*, "the FDIC did not seek substitution for a failed institution. Rather, the FDIC sought to substitute itself for an assignee of certain assets of a failed institution for which the FDIC maintained liability." *Id.* at 2. Nonetheless, the district court applied the "bright-line rule" from *North Savannah*, and ruled that "the FDIC was entitled to

3

remove this action the moment it filed its motion for intervention . . . in the state court action. And, it follows that the time for removal must have begun running at the same moment." *Id.* at 3. Finding that the 90-day removal period began to run on August 15, 2014, and ended on November 14, 2014, the district court ruled that the FDIC's removal on December 10, 2014, was untimely.

## II

Under § 1819(b)(2)(C), the FDIC, in any capacity, "may appeal any order of remand entered by any United States district court."  We review *de novo* the issue of subject-matter jurisdiction and the granting of a motion to remand.  *See Pacheco de Perez v. AT&T Co.* 139 F.3d 1368, 1373 (11th Cir. 1998).  *See also North Savanah*, 686 F.3d at 1257.

The FDIC argues that the district court erred in granting Flagler's motion to remand because it removed the action within the 90-day removal period set forth in § 1819(b)(2)(B) (providing that the FDIC may remove any action from state court "before the end of the 90-day period beginning on the date the action . . . is filed . . . or the [FDIC] is substituted as a party"). The FDIC contends that the 90-day removal period began on November 10, 2014, when its motion to intervene was *granted* by the state court. Flagler, on the other hand, argues that the 90-day removal period began on August, 15, 2014, the date that the FDIC *filed* its motion to intervene.

4

In *North Savannah*, we established the following "bright-line rule": "[B]y virtue of § 1821(d)(2)(A)(i), the FDIC is automatically substituted for [a] failed institution as a matter of federal law the moment that it files a notice of substitution in court, and the 90-day removal period set forth in § 1819(b)(2)(B) begins to run from the filing of that notice." *North Savannah*, 686 F.3d at 1260. Here, however, Multibank—the state court defendant—is not a failed bank; it is instead the bank that purchased all the assets of a failed bank from the FDIC. The FDIC retained all liabilities for loans entered into by Integrity Bank prior to December 4, 2009, including the loan in this case, but it did not move to substitute itself for Multibank or anyone else in the state court action.

We conclude that the district court applied *North Savannah* too broadly. In *North Savannah* the 90-day removal period began on the date the FDIC substituted itself for a failed bank because substitution was automatic as a matter of law. *North Savannah*, 686 F.3d at 1260 "Otherwise, there would be no party remaining on one side of the action." *Id*. Here, had the state court denied the FDIC's motion to intervene there would still have been a party—Multibank—on the defense side of the action. Although the FDIC retained all potential liabilities for the loan made by Integrity Bank, Multibank was never a failed bank and always remained a party in the action filed by Flagler and the other plaintiffs.

5

In this scenario, the FDIC was not a party in the case until the state court granted its motion to intervene. As the Sixth Circuit has explained, "[i]ntervention cannot, as a general rule, create jurisdiction where none exists." *Village of Oakwood v. State Bank*, 481 F.3d 364, 367 (6th Cir. 2007).

In *Village of Oakwood*, the FDIC, as receiver for a bank that had been placed in federal receivership, moved to intervene in a state court action because it had purchased the assets and deposits of the bank that was being sued. Before the state court ruled on its motion, however, the FDIC removed the case, and the plaintiffs filed a motion to remand. The district court denied the motion to remand, and granted summary judgment in favor of FDIC.

The Sixth Circuit reversed, holding that the district court did not have jurisdiction because "intervention requires an existing claim within the court's jurisdiction" and "the FDIC's intervention cannot create jurisdiction where none existed." *Id.* at 368. Because the FDIC was not being substituted for a failed bank—and, therefore, was not a party in the state action until its motion to intervene was granted—the district court was without jurisdiction at the time of removal. *See id.*

In *Allen v. FDIC*, 710 F.3d 978, 980 (9th Cir. 2013), the FDIC was the supervising bank for the financial institution sued in the state action. The FDIC moved to intervene, but prior to its motion being granted, the FDIC removed the

6

case to federal court. The district court granted the plaintiffs' motion to remand, explaining that "the FDIC could not remove the case because it was not a party to the state court action." The Ninth Circuit affirmed, "conclud[ing] that § 1819(b)(2)(B) authorizes removal by the FDIC after it has obtained party status. Simply filing a motion to intervene does not open the removal window." *Id.* at 982.

As the Ninth Circuit explained, § 1819(b)(2)(B) allows the FDIC to remove cases to district court where it has been *substituted* as a party. *Allen*, 710 F.3d at 981. "As drafted, 12 U.S.C. § 1819(b)(2)(B) does not authorize removal by the FDIC where it is not a party to the state court action and its role in the litigation is limited to a prospective, would-be intervenor." *Id*. at 985.

As in *Allen* and *Village of Oakwood*, the FDIC in this case was not a party to the state court action because it was not substituting for a failed bank. As a result it could not have sought removal until it became a party—i.e., until its motion to intervene was granted. The motion to intervene was granted on November 10, 2014, and the FDIC removed the action on December 10, 2014, well within the statutory 90-day removal period under 12 U.S.C. § 1819(b)(2)(B). The district court therefore erred in remanding the action to state court.

## III

We reverse the district court's remand order, and remand for further proceedings.

7

**REVERSED AND REMANDED.**